McLaughlin v. Etchison.

Filed March 20, 1891.

---

No. 16,072.

McLaughlin v. Etchison.

Judgment.—*Erroneous.*—*Collateral Attack.*—A judgment of conviction of a misdemeanor by a justice of the peace upon an affidavit which fails to charge a public offence, while erroneous is not void, and can not be attacked collaterally.

Habeas Corpus.—*Erroneous Judgment.* — *Imprisonment in Pursuance of.*— Where, pursuant to an erroneous judgment of conviction, the accused is

committed to jail by a justice of the peace for failing to pay or replevy the fine, he is not entitled to a writ of *habeas corpus* to regain his liberty

CRIMINAL LAW.—*Mittimus.*—A delay of twelve days by the justice of the peace in performing his duty to commit to jail a defendant in a criminal cause who does not immediately pay or replevy a fine, does not render the *mittimus* void.

From the Madison Circuit Court.

*S. A. Forkner*, for appellant.

McBRIDE, J.—This was a petition for a writ of *habeas corpus* by the appellant, who alleged that he was unlawfully restrained of his liberty by the appellee, the sheriff of Madison county. A writ was awarded, but on motion of the appellee was quashed. This action of the court is assigned as error.

From the petition the following facts are gathered: On the 19th day of February, 1891, an affidavit was filed with Benjamin McCarty, a justice of the peace of Madison county, which was evidently drawn under section 2066, R. S. 1881, charging, or attempting to charge, appellant and another with the erection and maintenance of a public nuisance. On this affidavit a warrant was issued, appellant was arrested and brought before said justice, when he was, on the 20th day of February, 1891, tried and adjudged guilty, and a fine of $10 and costs assessed against him, with an order that he stand committed until the fine should be paid or replevied. He was allowed to go until the 4th day of March, 1891, when the fine not being paid or replevied, a mittimus was issued by the justice, and he was committed to the common jail of Madison county.

His conviction was clearly erroneous. The affidavit upon which the prosecution was based did not charge a public offence. It is not necessary to point out its defects further than to say that it at most charges an interference with the free use by Fraly of his property by the erection of what is styled a "high and useless fence." The facts, properly

pleaded in a civil suit, might entitle the party to damages and to the abatement of the nuisance.

Notwithstanding the judgment of conviction was erroneous it was not void. The justice had jurisdiction of the subject-matter; that is, he had jurisdiction to hear and determine a charge, under section 2066, R. S. 1881, of the erection or maintenance of a public nuisance. He also had jurisdiction of the person of the appellant, and the judgment rendered by him can not be attacked collaterally.

The writ of *habeas corpus* can not be used for the mere correction of errors. To be entitled to the writ in a case like this the party complaining must show a void judgment. A judgment that is merely erroneous, no matter how gross the error, will not suffice. *Willis* v. *Bayles*, 105 Ind. 363; Cooley Const. Lim., marginal p. 348; *Lowery* v. *Howard*, 103 Ind. 440; *Holderman* v. *Thompson*, 105 Ind. 112; *Commonwealth, ex rel.,* v. *Leckey*, 26 Am. Dec. 37, and note; 9 Am. & Eng. Encyc. of Law, p. 227, and cases cited; *Ex parte Watkins*, 3 Peters, 193.

Section 1119, R. S. 1881, provides as follows: " No court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following." * * *

"*Second.* Upon any process issued on any final judgment of a court of competent jurisdiction."

The case at bar comes clearly within the provisions of this statute.

Appellant insists, however, that the *mittimus* is void, because not issued until the 4th day of March, twelve days after the rendition of the judgment; that because he was not at once committed to jail in default of payment the justice lost jurisdiction, and could not thereafter issue a valid *mittimus*.

It is the duty of a justice of the peace, if a defendant in a criminal cause does not immediately pay or replevy a fine

adjudged against him, to commit him to ·jail. While this should be done at once, we know of no reason why, if for any reason it is not done, the justice may not issue a *mittimus* thereafter. We think he may. Nor do we think a defendant is in a situation to complain, either of the negligence of the justice or of the indulgence extended to .him by giving him time without bail for the payment of money which is immediately due.

Appellant complains that the justice, by allowing him to go, misled him, and induced him to believe no effort would ·be made to enforce the judgment, and that for this reason he did not appeal within the time limited by law. If this was . the motive which led the justice to delay issuing the *mittimus* it was of course very reprehensible, but can not affect · the question before us.

The court did not err in quashing the writ.

Judgment affirmed, with costs.

