PRITCHETT v. COX, SHERIFF.

[No. 19,214. Filed January 26, 1900.]

HABEAS CORPUS.—*Justices of the Peace.*—Where the justice of the . peace before whom defendant was tried and convicted had jurisdiction of the subject-matter of the action, and of the person of the defendant, no formal error or irregularity in the proceedings of the justice would authorize the discharge of the defendant on a writ of *habeas corpus. p. 113.*

SAME.—*Sufficiency of Affidavit.*—The sufficiency of the affidavit upon which defendant was convicted cannot be raised in a *habeas corpus* . proceeding. *p. 113.*

JUSTICES OF THE PEACE.—*Arrest of Judgment.—Criminal Law.— Habeas Corpus.*—Motions in arrest of judgment are not authorized by the act regulating criminal procedure before justices of the peace, and it cannot be urged in a *habeas corpus* proceeding that there was no judgment upon which to commit defendant because the justice of the peace sustained a motion in arrest of the judgment. *p. 113.*

SAME.—*Judgment.— Commitment of Defendant.—Criminal Law.*— Although it is the duty of a justice of the peace to commit a defendant to jail who does not immediately pay or replevy a fine adjudged against him, a mittimus issued 105 days after the judgment was rendered is not void. *pp. 113, 114.*

From the Knox Circuit Court. *Affirmed.*

*S. W. Williams* and *Ella McCarthy,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley, B. M. Willoughby, J. M. House* and *W. S. Hoover,* for appellee.

DOWLING, J.—This was an application for a writ of *habeas corpus.* The complaint, which was verified, stated, in substance, that the petitioner was wrongfully restrained of his liberty at the county of Knox, in the State of Indiana, by John C. Cox, the sheriff of said county; that the cause of such restraint was a commitment by one E. A. Beach, a justice of the peace of said county, upon a judgment in favor of the State of Indiana, and against the petitioner, for a fine of $5, with costs taxed at $27.95; that said restraint

was illegal because, (1) said petitioner had violated no criminal law of the State of Indiana; (2) because said judgment was void; (3) because said justice had sustained a motion in arrest of judgment in said cause; (4) because the affidavit on which said judgment was rendered did not state facts sufficient to constitute a violation of any criminal law of the State of Indiana; (5) because the person to whom the *mittimus* was delivered was not a qualified constable of said county, and was not authorized by law to execute the said writ; and (6) because a fee of $10 was wrongfully taxed in favor of the "Fish Commissioner" as a part of the costs of the case.

A writ of *habeas corpus*, directed to the appellee, as sheriff of Knox county, was issued by the court, and was duly served. The officer made his return to the writ showing that the petitioner had been duly charged before a justice of the peace of the county with having in his possession a "trammel net"; that the cause was tried; that the petitioner was, by the judgment of said justice duly given, convicted of the offense charged, and was fined $5; that it was adjudged by said justice that the petitioner be confined in the jail of said county until said fine and the costs of said action be paid or replevied, and that the petitioner had failed to pay, or replevy, said fine and costs; that the said justice, by a *mittimus*, a copy of which was filed with and made a part of said return, committed the petitioner to the county jail of said county; that said respondent, as the sheriff of said county, received the petitioner under said *mittimus* from Joseph S. Manning, a duly appointed special constable of said township, and held him in custody thereunder, and not otherwise; and that said fine and costs had not yet been paid, or replevied.

Appellant excepted to said return on the grounds that it did not state facts sufficient to show that the restraint of said petitioner was legal; that the *mittimus* referred to did not show that petitioner was charged with unlawfully hav-

ing in his possession a "trammel net"; that the return did not show that the judgment upon which the commitment was made was yet in force; that said return did not deny the allegation of the petition that a motion in arrest of the said judgment was sustained by the said justice; that said return was insufficient in law; that said return did not deny the allegation of the petition that a portion of the costs was illegally taxed, and, that the return disclosed a delay of 105 days in issuing said *mitlimus*.

The exceptions were overruled, and a reply was filed denying all the matters set forth in the return. The evidence was heard, and there was a finding that the defendant did not illegally restrain the petitioner, but that the petitioner was lawfully in his custody. Judgment was rendered upon the finding that the petitioner be remanded to the custody of the sheriff, until discharged by due process of law, and that he pay all costs of the proceeding. A motion for a new trial was overruled, and the petitioner appealed from the judgment.

Errors are assigned as follows: (1) The court erred in overruling plaintiff's exceptions to the return of the defendant to the writ of *habeas corpus* herein; (2) the court erred in its finding for the defendant herein; (3) the court erred in refusing to order the discharge of the petitioner from the custody of the defendant; (4) the court erred in rendering judgment against plaintiff (petitioner) for costs herein; (5) the court erred in overruling plaintiff's motion for a new trial.

Only two of these assignments, the first, and the fifth, are properly made, but under these all of the objections urged in the argument of counsel may be considered.

It is contended that the finding of the court was wrong, (1) because the affidavit upon which the appellant was convicted did not charge a public offense; (2) because the justice of the peace before whom the cause was tried sustained a motion in arrest of judgment, and discharged the petitioner;

and (3) because the writ of *mittimus* was not issued until the expiration of 105 days from the time the supposed judgment was rendered.

The evidence is set out in the bill of exceptions, showing the proceedings before the justice of the peace, and a judgment, regular in form, in favor of the State of Indiana, and against the appellant, for a fine of $5, and the costs of the action, and that the appellant stand committed until the fine and costs be paid or replevied. The date of the judgment is September 22, 1899. It also appears that, on the 6th day of January, 1900, a *mittimus*, in due form, was issued to a constable specially appointed by the justice, and that the appellant was arrested upon this writ, and committed to the jail of Knox county. The transcript of the justice, which was given in evidence, shows that after the judgment had been entered and signed, a motion in arrest of judgment was made and sustained. A witness was permitted to testify that the ruling on the motion in arrest was made before the announcement or entry of the judgment. The justice of the peace swore that it was not made until afterwards.

It is provided by the statute that no court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him, when the term of commitment has not expired, upon any process issued on any final judgment of a court of competent jurisdiction. §1133 Burns 1894.

The charge against the appellant, as set forth in the affidavit filed before the justice of the peace, was a violation of the following provision of the act of 1899, known as the Fish Law: "Section 10. It is hereby declared a misdemeanor for any person to have in his possession any dip net, gill net, pond net or other kind of net, trap, or seine other than allowed in sections three (3) and seven (7) of this act, and any one convicted of having such gill net, dip net, pond net or other kind of net, trap or seine in his possession

shall be fined not less than five dollars, nor more than two hundred dollars for each offense, to which may be added imprisonment in the county jail for any determined period, and every day's possession of such gill net, dip net, or other kind of net, trap, or seine shall constitute a separate and distinct offense under this act." Acts 1899, p. 197.

The jurisdiction of justices of the peace in criminal cases is conferred and defined by the statute in these terms: "The jurisdiction of justices of the peace in criminal cases shall be coextensive with their respective counties, and they shall have exclusive original jurisdiction in all cases where the fine assessed cannot exceed three dollars, and concurrent jurisdiction with the criminal court and circuit court to try and determine all cases of misdemeanor punishable by fine only; and in trials before justices, fines to the extent of twenty-five dollars, with costs, may be assessed; and they shall have jurisdiction to make examination in all cases; but they shall have no power to adjudge imprisonment as a part of their sentence, except in the manner specially provided in this act." §1706 Burns 1894.

The further provisions of the statute relative to the power of justices of the peace to adjudge imprisonment as a part of their sentence are these: "Whenever judgment shall be rendered for a fine, it shall be a part of such judgment that the defendant stand committed until such fine be paid or replevied. And the defendant may replevy such judgment for ninety days, in the same manner as in civil cases. * * *

"If such defendant do not immediately pay or replevy the same, the justice shall commit him to jail, there to remain one day for each dollar of such fine and costs so adjudged against him." §§1715, 1716 Burns 1894.

It is held that under these sections justices of the peace have jurisdiction to assess the punishment by a fine, where the punishment may be by fine only, or by fine with discretion to add imprisonment. *Miller* v. *State*, 72 Ind. 421; *State* v. *Wolever*, 127 Ind. 306.

The justice of the peace before whom the appellant was tried and convicted had jurisdiction of the subject-matter of the action and of the person of the appellant, and no formal error or irregularity in the proceedings of the justice would authorize the discharge of the appellant on a writ of *habeas corpus.* No question as to the sufficiency of the affidavit could be raised in that proceeding. *Willis* v. *Bayles,* 105 Ind. 363; *McLaughlin* v. *Etchison,* 127 Ind. 474; *Holderman* v. *Thompson,* 105 Ind. 112; *Lowery* v. *Howard,* 103 Ind. 440. The judgment rendered against appellant was valid, and the only means by which he could obtain relief from it was by appeal.

The objection that the justice of the peace sustained a motion in arrest of judgment is without merit. The transcript of the record of the proceedings before the justice shows that the motion in arrest was not made until after the judgment had been rendered, and the record is conclusive upon this point. If a motion in arrest could be considered in a criminal case before a justice, such motion must necessarily precede the judgment. But no such practice is authorized by the act regulating criminal procedure before justices of the peace. After a finding of guilty, the justice could do nothing but render judgment on the finding. *Moore* v. *State,* 72 Ind. 358; *Steel* v. *Williams,* 13 Ind. 73; *Friedline* v. *State,* 93 Ind. 366.

Sections 1912, 1913 Burns 1894, in reference to motions in arrest of judgment apply only to the procedure in the criminal and circuit courts, and have no reference to the practice before justices of the peace. *Johns* v. *State,* 104 Ind. 557.

In the last place, the appellant insists that the *mittimus* was void on account of the failure of the justice· to issue it immediately, or within a reasonable time. It is said in *McLaughlin* v. *Etchison,* 127 Ind. 474, that, while it is the duty of the justice of the peace, if a defendant in a criminal case does not immediately pay or replevy a fine

adjudged against him, to commit him to jail, yet there is no reason known to the court why he may not do so thereafter. The court say: "We think he may. Nor do we think a defendant is in a situation to complain, either of the negligence of the justice or of the indulgence extended to him in giving him time without bail for the payment of money which is immediately due.

"Appellant complains that the justice, by allowing him to go, misled him, and induced him to believe no effort would be made to enforce the judgment, and that for this reason he did not appeal within the time limited by law. If this was the motive which led the justice to delay issuing the *mittimus*, it was of course very reprehensible, but cannot affect the question before us."

After a careful examination of all the questions presented by counsel for appellant, we are satisfied that there is no error in the proceedings of the Knox Circuit Court in this cause.

Judgment affirmed.