## Brabandt v. Commonwealth.

(Decided January 27, 1914.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Appeal—Time to Perfect.—Where one was con-
victed of the offense of petit larceny and sentenced to twelve
months' imprisonment in jail on May 23, 1911; and the next day
filed motion for new trial which was overruled June 3, 1911, his
right of appeal then became fixed and he cannot obtain a re-
view of said trial and conviction by appealing from an order
entered Sept. 11, 1913, remanding the prisoner to jail to serve
out his sentence which had been suspended by the court at the
time the motion for new trial was overruled on June 3, 1911.

2. Criminal Law—Suspension by Court of Execution of Sentence
Imposed.—Where one was convicted of the offense of petty lar-
ceny and sentenced to twelve months' confinement in the county
jail, the circuit court, after overruling motion for new trial, was
without jurisdiction to enter an order suspending further execu-
tion of the sentence imposed during the good behavior of de-
fendant.

3. Officers—Jailer—Duty With Respect to Persons Placed in His
Custody.—The jailer is an officer of the Commonwealth and
when a prisoner is placed in his custody under final order of a
court, it is the duty of the jailer to retain him in custody until
the sentence has been served; and he should refuse to obey a
void order of court suspending further execution of the sentence
imposed.

LOUIS T. IGLEHEART and BIRKHEAD & WILSON for ap-
pellant.

JAMES GARNETT, Attorney General; M. M. LOGAN, Assistant
Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Dismiss-
ing appeal.

The grand jury of Daviess County, on January 7,
1911, indicted appellant on a charge of grand larceny.
He was tried at the May term, 1911, of the Daviess Cir-
cuit Court, and found guilty of petit larceny, the jury
fixing his punishment at twelve months' confinement in
the county jail. Upon that verdict, judgment was en-
tered, and the defendant was committed into the custody
of the jailer, in execution of said judgment. On the next
day, May 24, 1911, he filed written motion and grounds
for a new trial. On June 3, 1911, the court entered an

order overruling said motion for a new trial. The order further says:

"Thereupon the defendant moved the court to suspend the further execution of the judgment against him herein, after the expiration of thirty days' punishment; and it appearing to the court that the defendant was incarcerated in the jail of Daviess County for more than thirty days, and the attorney for the Commonwealth consenting, it is considered and adjudged by the court that the further execution of the sentence imposed on defendant herein be, and the same is now suspended until a further order of this court. The suspension of sentence is made upon the special undertaking of defendant not to violate the law; and should he do so, the court reserves the right upon motion of the county attorney or the attorney for the Commonwealth, or upon the court's own motion, to order the defendant re-incarcerated until the full period of imprisonment imposed upon him herein shall have been served out; and this cause is continued."

On September 11, 1913, the following order was entered: "It appearing to the satisfaction of the court that the defendant, Albert Brabandt, is on bond charged with the offense of arson, and it further appearing to the satisfaction of the court that he has recently been arrested charged with the crime of grand larceny; it is therefore ordered and adjudged by the court on motion of the Commonwealth's atorney that the order entered in this action at the May, 1911, term suspending the first punishment by imprisonment of the defendant in this action, be and the same is now set aside, etc." Under this order, appellant was immediately arrested and placed in jail. On September 18, 1913, he filed a motion to set aside the above order under which he was reincarcerated; also, to set aside the verdict of the jury, and the judgment thereupon entered on May 23, 1911, and to grant him a new trial. The motion was overruled on November 15, 1913; and from the order overruling same, this appeal is prosecuted.

The Comonwealth has entered a motion in this court to dismiss the appeal for failure to file same in the time required by law. The Attorney General insists that the order overruling the motion for a new trial entered on June 3, 1911, is the only order reviewable by this court;

that the record, not having been filed in this court until November 22, 1913, is not filed in time; that the order suspending the judgment of imprisonment together with all subsequent orders, is void and not appealable.

Counsel for appellant concedes that the order suspending the judgment is void; but contends that he has been deprived of his right of appeal by reason of the fact that when the lower court first overruled his motion for a new trial, it also adjudged that the further execution of the sentence imposed on him be suspended, thereby causing him to refrain from availing himself of his right of appeal.

All of the order entered June 3, 1911, except that part which overruled the motion for a new trial, is void. The court had no authority to enter an order suspending the further execution of the sentence imposed. When the motion for a new trial was overruled, and the judgment was entered upon the verdict, that was a final order; and when the defendant was under that final order, committed into the custody of the jailer, in execution of the sentence imposed on him, it was the duty of the jailer to retain him in custody and in jail, until the expiration of the twelve months' imprisonment. The order suspending the further execution of the sentence imposed, was not merely erroneous; it was an act beyond and without the jurisdiction of the court; an attempted exercise of a power, not judicial, but wholly executive in its nature; and such order should not have been obeyed by the jailer.

The jailer is an officer of the Commonwealth, with well-defined duties and responsibilities, and within the scope of those duties, his authority is supreme. When he receives into his custody a prisoner under a final order of court, any order or direction of said court or any other court, or of any officer, other than the Governor, attempting to *suspend* the further execution of that judgment, being void and of no effect, should not be obeyed by him. The practice of suspending judgments of courts in misdemeanor cases, is a failure to enforce the law; it encourages crime, and is a menace to good government.

Appellant obtained the order suspending the further executing of the sentence imposed on him, upon his own motion; and as the law presumes that he knew that the court had no authority to enter such order, and that his

only remedy was by appeal, perfected and prosecuted in the time and in the manner prescribed by law, he is in no position to complain of any injury resulting from said order.

But, appellant contends that the order from which he appeals is that entered on November 15, 1913, overruling his motion to set aside the order entered September 11, 1913, remanding appellant to jail to serve out the sentence imposed on him by the judgment of May 23, 1911. The order entered September 11, 1913, was also void and of no effect; and even if such were not the case, to reverse it would avail appellant nothing. The jailer, without authority of law, released appellant from custody, and he now has him in his custody under the judgment of May 23, 1911, and should hold him until said judgment is satisfied, regardless of the manner of obtaining such custody. To reverse said order of September 11, 1913, would only leave appellant where he was before said order was entered, or rather where he now is—in jail.

When the order of June 3, 1911, was entered, overruling the motion for a new trial, appellant's right of appeal then became fixed; and having failed to perfect an appeal therefrom within the time and in the manner prescribed by law, he cannot obtain a review of that trial and conviction by appealing from a subsequent order, which the court was without jurisdiction to enter.

The motion of appellee is sustained, and the appeal is dismissed. The whole court sitting.