EGBERT v. TAUER, MAYOR, ET AL.

[No. 23,671. Filed October 12, 1921. Rehearing denied February 14, 1922.]

1. CRIMINAL LAW.—*Mayor Acting as City Judge.—Jurisdiction. —Statutes.*—Under §§8842, 8843 Burns 1914, Acts 1905 p. 219, §§216, 217, the mayor of a city, acting as city judge, has only the jurisdiction of a justice of the peace, except as that jurisdiction is enlarged by the express provisions of the statute. p. 550.

2. CRIMINAL LAW.—*Suspension of Sentence by City Judge.—Validity.*—An order of a mayor, city judge or justice of the peace, suspending a sentence in a criminal case is void. p. 550.

3. CRIMINAL LAW.—*Suspension of Sentence by City Judge.— Subsequent Commitment.—Validity.*—The delay of a mayor of a city, acting as city judge, in issuing a warrant of commitment occasioned by a void order suspending a sentence, did not satisfy his judgment sentencing defendant to imprisonment, even though such defendant did not request such delay, but the judge could issue a warrant of commitment after the term of imprisonment would have expired, had defendant been committed at the time judgment was entered. p. 550.

4. CRIMINAL LAW.—*Void Suspension of Sentence.—Subseqiient Commitment.—Sentence not Reduced.—Statutes.*—A defendant who has been sentenced by a justice of the peace or mayor of a city to confinement in the county jail for a misdemeanor, but whose term of actual imprisonment has never commenced, does not become immune from the infliction of the sentence because of the lapse of time while he remains out of jail, notwithstanding §9839 Burns 1914, §6134 R. S. 1881, relating to the time when the term of imprisonment of every convict shall commence. p. 553.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Robert A. Egbert against Paul O. Tauer, mayor, and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Shelby & Tillotson* and *Sharp & Hollingsworth,* for appellant.

*W. J. Darnall* and *Roy W. Adney,* for appellees.

EWBANK, J.—Appellant pleaded guilty in the city court of Lebanon and was convicted on a charge of having whisky in his possession with the purpose of selling, giving away, or othewise disposing of the same (Acts 1917 p. 15, §4, §8356a *et seq.* Burns' Supp. 1918). The mayor, acting as city judge, assessed his punishment at a fine of $500 and costs, and imprisonment in the county jail for six months, being the maximum penalty for the offense charged, and within the jurisdiction of the city court to impose (§8843 Burns 1914, Acts 1905 p. 219, §217). Sentence was pronounced accordingly but the mayor stated in open court that "the part of the judgment sentencing appellant to the county jail would be suspended indefinitely if he would pay the amount of the fine and costs," and wrote upon the margin of the record of the judgment a signed memorandum in the words "sentence suspended during good behaviour." Appellant entered bail for the stay of the fine and was released from custody, and afterward paid the fine and costs. More than eight months later, being sixty-seven days after his term of imprisonment would have expired if he had been sent to jail immediately, the mayor issued to the chief of police a warrant of commitment, under which the chief of police sought to rearrest appellant and commit him to the Indiana State Farm for the term of six months.

Appellant filed his complaint against the mayor and chief of police, alleging the foregoing facts, and fur-

ther averring that what was done in the matter of ordering the sentence suspended and releasing him was down by the mayor "without any request whatever from this plaintiff or anyone representing him, but upon his own motion and volition," and that after the fine was stayed appellant "was by said court of his own volition and without any request from this plaintiff released from custody and permitted to depart without day." Upon these facts the appellant asked for an injunction forbidding the mayor to issue or cause to be executed any writ or warrant for the arrest and imprisonment of appellant upon the said judgment of conviction, and that he be commanded to enter the judgment as satisfied of record. The parties made an agreement that the complaint should be treated as sufficient to present for decision the question whether the mayor could lawfully issue an order of commitment after six months from the date when the judgment of conviction was rendered, and thereupon the court sustained a demurrer to the complaint for alleged want of facts sufficient to constitute a cause of action. Upon the refusal of appellant to plead further, judgment was rendered against him that he take nothing, and that appellees recover their costs. Sustaining the demurrer to the complaint is the only error assigned.

The parties have waived all questions as to the form of the action, and we decide nothing as to whether injunction would have been the proper remedy, if the complaint had been otherwise sufficient.

This case does not involve any question concerning the power of a circuit or criminal court to impose a suspended sentence or to revoke it, under §§2174, 2176 Burns 1914 (Acts 1907 p. 447, as amended by Acts 1909 p. 434), nor as to the right of a person, released under a suspended sentence by a circuit or criminal court, to be discharged if his sentence is not revoked

before the expiration of the minimum term for which he might be imprisoned, and nothing is decided as to those questions.

The mayor of a city, acting as city judge, has only the jurisdiction of a justice of the peace, except as that jurisdiction is enlarged by the express provisions of the statute. §§8842, 8843 Burns 1914, Acts 1905 p. 219, §§216, 217.

That an order of a mayor, city judge or justice of the peace, suspending a sentence in a criminal case is void, as the appellant insists, cannot be doubted. The authorities so hold, almost without conflict. But delay in issuing a warrant of commitment, pursuant to such a void order, did not satisfy a valid judgment sentencing the appellant to imprisonment, even though appellant did not request such delay. *McLaughlin* v. *Etchison* (1891), 127 Ind. 474, 27 N. E. 152, 22 Am. St. 658; *Pritchett* v. *Cox* (1900), 154 Ind. 108, 56 N. E. 20.

In the case of *McLaughlin* v. *Etchison, supra,* the appellant was convicted before a justice of the peace of the offense of erecting and maintaining a public nuisance, upon an affidavit which was insufficient and would have been quashed on appeal, had an appeal been taken. A fine of $10 was imposed and it was adjudged that he stand committed until it should be paid or replevied. He was permitted to go free at the time, however, but twelve days later a *mittimus* was issued on which he was arrested and committed to jail. The court said: "It is the duty of a justice of the peace, if a defendant in a criminal case does not immediately pay or replevy a fine adjudged against him, to commit him to jail. While this should be done at once, we know of no reason why, if for any reason it is not done, the justice may not issue a *mittimus* thereafter. We think he may, nor do we think a defendant is in a situation to

complain, either of the negligence of the justice or of the indulgence extended to him by giving him time without bail for the payment of money which is immediately due. Appellant complains that the justice, by allowing him to go, misled him, and induced him to believe no effort would be made to enforce the judgment, and that for this reason he did not appeal within the time limited by law. If this was the motive which led the justice to delay issuing the *mittimus* it was of course very reprehensible, but cannot affect the question before us."

In *Pritchett* v. *Cox, supra,* the appellant had been convicted of having a "trammel net" in his possession, in violation of the "fish law," and sentenced by a justice of the peace to pay a fine of $5 and costs taxed at $27.95, and to be confined in the county jail until the fine and costs should be paid or replevied. After the judgment had been entered and signed a motion in arrest of judgment was made by the appellant and sustained, and he was permitted to go at large. But after the lapse of 105 days a warrant of commitment was issued on which he was arrested and imprisoned. An action to obtain his release was appealed to this court. In deciding that the justice of the peace was without power to arrest the judgment after having made a finding of guilty and rendered judgment thereon, and that the second arrest was lawful, notwithstanding the lapse of time, the court said that appellant insisted the *mittimus* was void because of the failure of the justice to issue it immediately or in a reasonable time, but quoted the language, as above set out, from the decision in *McLaughlin* v. *Etchison, supra,* and refused to order the appellant released.

The weight of authority throughout the United States is to the same effect, the arguments in favor of that doctrine being so well presented in the case first cited below that it is not necessary to repeat them. *State* v.

*Abbott* (1910), 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B 1189, 1192; *In re Collins* (1908), 8 Cal. App. 367, 97 Pac. 188; *Tanner* v. *Wiggins* (1907), 54 Fla. 203, 45 South. 459, 14 Ann. Cas 718; *Daniel* v. *Persons* (1912), 137 Ga. 826, 74 S. E. 260; *Miller* v. *Evans* (1901), 115 Iowa 101, 88 N. W. 198, 56 L. R. A. 101, 91 Am. St. 143; *Brabandt* v. *Commonwealth* (1914), 157 Ky. 130, 162 S. W. 786; *Fuller* v. *State* (1911), 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A 98; *In re Hinson* (1911), 156 N. C. 250, 72 S. E. 310, 36 L. R. A. (N. S.) 352; *State* v. *Drew* (1909), 75 N. H. 402, 74 Atl. 875; *In re Juan Lujan* (1913), 18 N. Mex. 310, 137 Pac. 587; *Spencer* v. *State* (1914), 127 Tenn. 64, 140 S. W. 597, 38 L. R. A. (N. S.) 680; *Reese* v. *Olsen* (1914), 44 Utah 318, 139 Pac. 941; *Morgan* v. *Adams* (1915), 226 Fed. 719, 720, 141 C. C. A. 475; 16 C. J. §3142, 1335, 1336; 8 R. C. L. §262, 256.

The following decisions of courts of last resort are to the contrary, being based upon reasons that are well stated in the case first cited below. *Ex parte Clendenning* (1908), 22 Okla. 108, 97 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. 628; *Scottsboro* v. *Johnston* (1898), 121 Ala. 397, 25 South. 809; *Grundel* v. *People* (1905), 33 Colo. 191, 79 Pac. 1022, 108 Am. St. 75; *In re Peterson* (1911), 19 Idaho 433, 113 Pac. 729, 33 L. R. A. (N. S.) 1067; *Tuttle* v. *Lang* (1905), 100 Me. 123, 60 Atl. 892; *State* v. *Clifford* (1913), 84 N. J. Law 595, 87 Atl. 97; *In re Markuson* (1895), 5 N. D. 180, 64 N. W. 939; *People* v. *Acosta* (1906), 10 Porto Rico 291; *Scott* v. *Chichester* (1908), 107 Va. 733, 60 S. E. 95, 16 L. R. A. (N. S.) 304; *In re Webb* (1895), 89 Wis. 354, 62 N. W. 177, 46 Am. St. 846, 27 L. R. A. 356.

But while those reasons might appeal to a legislature, charged with the duty to decide what the law ought to be, and to change it wherein it needs amendment, they

are not persuasive as to what is and long has been the law of Indiana. And the function of this court is only to ascertain and declare the law, not to make new laws. The judgment is affirmed.

## ON PETITION FOR REHEARING.

EWBANK, C. J.—Section 9839 Burns 1914 (§6134 R. S. 1881) is part of "An act to provide for the government and discipline of the State Prison" (Acts 4. 1857, Ch. 56, p. 103), and a reference therein to when the term of imprisonment of "every convict" shall commence is not open to the construction that it controls the date when one sentenced by a justice of the peace or mayor of a city to confinement in the county jail for a misdemeanor, whose term of actual imprisonment has never commenced at all, will become immune to the infliction of the sentence pronounced upon him because of the lapse of time while he remains out of jail.

Referring to certain decisions to the effect that a sentence which is not legally stayed by an attempt to suspend it begins its operation when it is pronounced, and ends when the time of imprisonment therein mentioned has expired, although no imprisonment be suffered, the Supreme Court of South Carolina said: "The reasoning of the cases first cited we think sophistical, because it rests upon the false assumption that a sentence necessarily begins to run and to be satisfied the moment it is pronounced. The execution of a sentence may be postponed by appeal, by escape and by other causes, but the time of delay in the execution is not counted as a part of the time of imprisonment fixed by the sentence. No more can the delay due to the release of the convict under a void order of the Court attempting to suspend the sentence be so counted. The sentence is satisfied, not by the lapse of time after it is pronounced, but by

the actual suffering of the imprisonment imposed by it."
*State* v. *Abbott* (1910), 87 S. C. 466, 70 S. E. 6, 33 L.
R. A. (N. S.) 112, Ann. Cas. 1912B 1189.   Arguments
as to what the law ought to be, based upon alleged
abuses which may be practiced under the existing law,
should be addressed to those having power to make new
laws.   The courts can only enforce the laws as made
by the constituted authorities.   But see Acts 1921 p.
411, §2.

The petition for a rehearing is overruled.