## Woodcock, Jailer, v. Richey.

(Decided June 27, 1928.)

### Appeal from Barren Circuit Court.

Criminal Law.—Where court on application of prisoner entered order suspending further execution of judgment because of defendant's ill health and subsequent order commanded jailer to release prisoner, held, that such order was void, since court had no inherent power to suspend judgment.

PAUL GREER for appellant.

E. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee, Ervin Richey, is confined in the Barren county jail, having been convicted of the offense of illegally manufacturing intoxicating liquor. He was adjudged to serve six months in jail and to pay a fine of $400 and costs for the offense. At the time of the filing of the petition herein, he had served 201 days of his sentence, and, as he was financially unable to pay his fine, he had 199 days yet to serve according to the record.

At the June, 1928, term of the Barren circuit court, being a term subsequent to the one during which the appellee was convicted, he moved the court to suspend the further execution of his judgment. In support of this motion, he filed his affidavit and that of his doctor, which stated, in substance, that the appellee was in a very nervous, weakened, and depressed condition, was threatened with tuberculosis, and possibly had it in its incipient stage; that to confine him further would gravely endanger his health and possibly that of the other inmates of the jail. The court thereupon entered an order suspending the further execution of the judgment for a period of 12 months from the date of the order, the suspension to be subject at all times to the order of the court, and the judgment to be subject to enforcement after the expiration of the 12 months. The jailer of Barren county, the appellant herein, was ordered to discharge the appellee from custody in accordance with the order hereinbefore set out. This the jailer declined to do, whereupon appellee brought this suit to compel the jailer to obey the order of the court ordering the appellee's release. The lower

court awarded the appellee the relief he sought, and the jailer has appealed.

The action of the court in ordering the release of the appellee on account of the condition of his health and the menace which his presence in jail possibly occasions the health of the other inmates is apparently authorized by section 1142b2 of the Kentucky Statutes, 1926, Supplement. But chapter 154 of the Acts of 1926, of which this section is a part, was declared unconstitutional by this court in the case of Huggins v. Caldwell, 223 Ky. 468, 3 S. W. (2d) 1101. Even if this be so, it is insisted by the appellee that the court had the inherent power to make the order it did. That it did not is settled by the case of Brabandt v. Commonwealth, 157 Ky. 130, 162 S. W. 786. In that case Brabandt had been convicted of the charge of grand larceny. On the day after the judgment was entered, he filed written motion and grounds for a new trial. At the time when this motion was later overruled, the court entered an order suspending the further execution of the judgment after the expiration of 30 days' punishment. The order recited further that, as Brabandt had already been incarcerated for more than 30 days, the further execution of the judgment was suspended until further order of court. Among the questions raised by this Brabandt case was that of the validity of this order, which suspended the execution of the judgment which had been entered. In holding the order void we said:

"All of the order entered June 3, 1911, except that part which overruled the motion for a new trial, is void. The court had no authority to enter an order suspending the further execution of the sentence imposed. When the motion for a new trial was overruled, and the judgment was entered upon the verdict, that was a final order. . . . The order suspending the further execution of the sentence imposed, was not merely erroneous; it was an act beyond and without the jurisdiction of the court; an attempted exercise of a power, not judicial, but wholly executive in its nature; and such order should not have been obeyed by the jailer. . . . When he (the jailer) receives into his custody a prisoner under a final order of court, any order or direction of said court or any other court, or of any officer, other than the Governor, attempting to suspend the further execution of that judgment, being void and

of no effect, should not be obeyed by him. The practice of suspending judgments of courts in misdemeanor cases, is a failure to enforce the law; it encourages crime, and is a menace to good government."

This is conclusive of the power of the court to suspend the judgment or the execution of the judgment, these two being, as was said in the Huggins case, supra, the same. It results, therefore, that the Barren circuit court had no right to enter the order it did commanding the jailer to release the appellee, and, it being a void order, the jailer acted properly in refusing to obey it.

The judgment of the lower court is therefore reversed, with instructions to dismiss the appellee's petition.

Whole court sitting.