# Glenn, Workhouse Keeper, v. Porter.

Jan. 19, 1943.

Marion Rider for appellant.

Polk South, Jr., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

This is an appeal pursuant to section 429-1 of the Criminal Code of Practice, as added by Acts 1940, c. 93, from an order of the Judge of the Franklin County Court, in a habeas corpus proceeding, discharging the appellee from the workhouse of the City of Frankfort.

Appellant, in response to the writ, set up the following state of facts as his authority for the detention

and confinement. On March 6, 1939, appellee was convicted in the Frankfort police court of the offense of being drunk in a public place and his punishment fixed at a fine of $10. Capias was issued on the judgment on the same day and placed in the hands of the city marshal but on the capias was the endorsement "defendant given sixty days to pay fine and costs."

On March 21, 1939, appellee was again convicted in the same court of a similar offense and another fine of $10 was imposed. Capias with a similar endorsement was placed in the hands of the marshal. Neither capias was ever executed and each of them remained in the hands of the marshal whose term of office had expired at the time this proceeding was instituted.

On December 28, 1942, appellee was again convicted in the police court of a similar offense and a third fine of $10 was imposed. Capias was issued on this judgment and appellee was taken thereunder and confined in the workhouse. At the time of the latter trial separate orders were entered reciting that the judgments of March 6, 1939, and March 21, 1939, had not been satisfied and directing that appellee be confined in satisfaction of the judgments. Filed with the response of appellant were certified copies of the orders of December 28, 1942, directing appellee's detention under those judgments. After being confined four days appellee paid the balance of the fine and costs due under the judgment of December 28, 1942, and when appellant refused to release him but continued to hold him in satisfaction of the two former judgments this proceeding was instituted. The county judge held the response insufficient and ordered appellee discharged immediately although he was requested to fix the terms for an appeal and stay the judgment until the appeal was filed.

The action of the county judge in ordering the immediate discharge of appellee and refusing to stay the judgment was unauthorized and squarely in the face of the statute governing procedure in habeas corpus proceedings. By Chap. 93 of the Acts of 1940 (now sections 429, 429-1 and 429-2 of the Criminal Code of Practice) right of appeal was provided in habeas corpus cases, no such right having theretofore existed. This act requires the appeal to be taken within ten days and provides:

"If the judgment appealed from orders the release of the person detained, any party may have the judgment stayed until the appeal is filed by notifying the judge or justice rendering the judgment that he intends to appeal and upon complying with such terms as to bond or otherwise as the judge or justice deems proper for the security of the person detained. The Court of Appeals may continue, modify or set aside the stay pending the appeal."

The county judge should therefore have fixed terms for the appeal and stayed the judgment until the appeal was filed.

We are also at loss to understand upon what theory the county judge acted in ordering appellee discharged. A habeas corpus proceeding is a collateral attack on a judgment and lies only where the judgment under which a prisoner is confined is void or has been satisfied. Department of Public Welfare v. Polsgrove, Judge, 250 Ky. 517, 63 S. W. (2d) 603; Hageman v. Kirkpatrick, Jailer, 283 Ky. 798, 143 S. W. (2d) 506. Here, the appellee was being held under two unsatisfied, admittedly valid judgments. The endorsements of the police judge on the capiases issued on these judgments, giving sixty days for the payment of the fines, were unauthorized and ineffective for any purpose. Brabandt v. Com., 157 Ky. 130, 162 S. W. 786; Woodcock v. Richey, 225 Ky. 318, 8 S. W. (2d) 389. Such unauthorized action of the police judge could not, as a matter of course, invalidate the judgments or affect the right of the city to enforce satisfaction thereof.

It is conceded by appellee that the neglect or delay upon the part of the officers of the city in enforcing satisfaction of the judgments did not operate as a satisfaction of the judgments or as a bar to their enforcement but it is argued that appellant had no right to hold appellee under the old capiases in the hands of the ex-marshal. It is suggested that if the capiases had been returned to court by the ex-marshal and placed in the hands of the present marshal the latter might have executed them. But this argument addresses itself to the power or authority of an officer to whom a capias is issued and ignores the fact that appellant was holding appellee under the judgments and subsequent orders issued in connection therewith by the police judge.

A warrant of commitment or a capias depends for its validity on the judgment on which it is based and a prisoner is detained, not by virtue of the commitment or capias but by virtue of the judgment. 24 C. J. 158. Thus, as said in Hill v. United States ex rel. Wampler, 298 U. S. 460, 56 S. Ct. 760, 762, 80 L. Ed. 1283:

"* * * The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence. * * *

"A warrant of commitment spends its force, it fulfills what is at least its primary purpose, upon delivery of the prisoner at the place of his imprisonment. When 'a prisoner is safely in the proper custody, there is no office for a mittimus to perform.' * * * Even after such delivery, the warrant is convenient evidence for the protection of the jailer, but it may be lost or destroyed, and detention may be justified by the underlying judgment. * * *"

To the same effect also see Ex Parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89; Watkins v. Merry, 10 Cir., 106 F. (2d) 360; Cornell v. Mason, 46 Idaho 112, 268 P. 8.

In this state there is no statute requiring a jailer to exhibit authority in the nature of a mittimus or capias in order to justify the detention of a person convicted of a crime. Consequently a jailer shows proper authority for the detention of a prisoner when he exhibits a copy of an unsatisfied judgment under which the prisoner is held. In the case before us appellant's response, setting out the two unsatisfied judgments against appellee and the orders of the police court directing his detention thereunder, exhibited proper authority for holding him. The county judge was therefore in error in ordering his discharge.

Reversed with direction to set aside the judgment and enter a judgment discharging the writ of habeas corpus.