**COMMONWEALTH v. DUMMITT, Justice of the Peace.**

Court of Appeals of Kentucky.

March 9, 1951.

William A. Young, Frankfort, petitioner.
No appearance for respondent.

STEWART, Justice.

On or about November 10, 1950, one William Ayers of Manchester, Ohio, was fined $15 and costs on a charge of hunting with an unplugged shotgun by Boone Dummitt, Justice of the Peace of the Second Magisterial District of Lewis County, Kentucky. See KRS 150.310. As a part of the judgment entered by the Justice of the Peace, and as a mandatory requirement of KRS 150.120(4), the shotgun was adjudged to be contraband, and was ordered turned over to the conservation officers who made the arrest, by them to be delivered to the Director of the Division of Game and Fish of Kentucky. The shotgun is now in the possession of the Director. On November 14, 1950, the Justice of the Peace, without notice to any one and solely on his own motion, set aside and held for naught that portion of the judgment declaring the shotgun contraband and, in what purports to be a supplemental judgment, ordered it delivered to his court by the Director, his action being based upon an affidavit of one B. D. Ayers, also a resident of Manchester, Ohio, in which the latter stated that he had purchased the shotgun under a conditional sales contract from Sears-Roebuck Company, which company retained title to it under said contract to secure an unpaid balance of $88.34, and that the gun had been stolen from him by William Ayres. Service was undertaken on the Director by mailing a copy of the amended order to him.

This petition was filed by the Commonwealth of Kentucky, ex rel. the Division of Game and Fish of the Department of Conservation of Kentucky and Earl Wallace, Director of the Division of Game and Fish, on December 1, 1950, seeking a temporary, and then a permanent, writ of prohibition to restrain respondent from enforcing his supplemental order to compel redelivery of a Savage 12-gauge shotgun, serial No. 553670, to him and to enjoin the Justice of the Peace from holding the Director in contempt of Court for his failure to comply with respondent's order. Petitioner set forth facts in his petition authorizing the relief sought by him, in the absence of any pleading by respondent controverting its allegations.

This is a summary proceeding. Writs of prohibition shall be obtained by motion, except that the applicant shall file a petition wherein he shall state the cause and ground of his application before giving notice of his motion, and the party against whom the prohibition is sought shall file a demurrer or an answer, at or before the time fixed for making the motion. Sec. 474, Civil Code of Practice. A judgment may be obtained on motion in a proceeding of this kind. Sec. 444 of Civil Code of Practice. Notice of the motion shall be served on the party against whom the judgment is sought, at least ten days before the motion is made. Sec. 445 of Civil Code of Practice.

On December 4, 1950, the Chief Justice of this Court issued a temporary writ herein. A notice, dated January 23, 1951, was served on respondent on January 25, 1951, that petitioner would on February 9, 1951, at 11:00 o'clock a. m., move this court for an order to take the allegations of his petition for confessed and to make the temporary writ heretofore entered in this proceeding permanent. This cause now pends on these two motions.

The Justice of the Peace illegally vacated the judgment and entered a void order. Brabandt v. Com., 157 Ky. 130, 162 S.W. 786.

Wherefore, the prayer of the petition is sustained and a permanent writ will issue prohibiting respondent from enforcing a void order or from attempting to punish petitioner thereunder.