Charles TIPPIT, Appellant,

v.

Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.

Court of Appeals of Kentucky.

March 9, 1962.

Charles Tippit pro se.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Charles Tippit, a prisoner in Kentucky State Penitentiary, appeals from a judgment of the Lyon Circuit Court dismissing his petition for a writ of habeas corpus.

From the scanty record we gather that in 1959 appellant was found guilty in the Oldham Circuit Court of escape from La-Grange Reformatory while serving a three-year sentence there. Upon his conviction pursuant to KRS 432.390 he received an additional sentence of three years in the penitentiary to run consecutively with his former sentence.

In his petition appellant contends that he is wrongfully detained because (1) the mittimus under which he is held is predated, and (2) the court had no authority to "suspend a judgment sentence beyond the period of the judgment sentence."

■ The contents of the mittimus are not disclosed in the record, nor does appellant allege that he is detained under a void judgment. We have held that a petition for writ of habeas corpus is a collateral attack on the judgment by which a petitioner is imprisoned and that the writ will not lie unless it is established by the record that the judgment is void. Brown v. Hoblitzell, Ky., 307 S.W.2d 739; Owen v. Commonwealth, Ky., 280 S.W.2d 524. Even if the mittimus were before us and we could find error in it, the fact remains that appellant is confined by the efficacy of the judgment and not by virtue of the commitment. Glenn v. Porter, 292 Ky. 719, 168 S.W.2d 32.

■ We further observe that the court had authority to suspend the second sentence until the first sentence was satisfied because KRS 432.390 specifically provides that confinement of an escapee under this section shall "commence after he has served out the sentence for which he was originally confined."

Judgment affirmed.