Orville NOLAN, Appellant,

v.

Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.

Court of Appeals of Kentucky.

May 15, 1964.

Fred BRADFORD, Appellant,

v.

Kellon CLIFTON and Charles Clifton, dba Clifton and Sons, Appellees.

Court of Appeals of Kentucky.

May 15, 1964.

Orville Nolan, pro se.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

This is appellant's second attempt at habeas corpus. The first attempt was disposed of in Nolan v. Thomas, Ky., 370 S.W. 2d 825 (1963), wherein it was held that the judgment entered on his plea of guilty was valid.

On this appeal he alleges that his "commitment does not designate charges of felony whereby petitioner may be lawfully detained." A copy of an order committing appellant has been filed with the record.

In this State a defendant is committed to the penitentiary, county jail or other institution by the judgment imposing sentence. KRS 431.215. Prior to the effective date of that statute, Criminal Code, section 293, provided that a judgment of confinement should be executed by furnishing a certified copy to the sheriff and no other warrant or authority was necessary to its execution. In Tippit v. Thomas, Ky., 355 S.W.2d 149 (1962), the Court said:

"* * * Even if the mittimus were before us and we could find error in it, the fact remains that appellant is confined by the efficacy of the judgment and not by virtue of the commitment. Glenn v. Porter, 292 Ky. 719, 168 S.W. 2d 32."

The Lyon Circuit Court properly dismissed appellant's petition for a writ of habeas corpus.

The judgment is affirmed.