**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**R. J. FANELLI and Herbert C. Howard,
Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1969.

Rehearing Denied Oct. 24, 1969.

See also Ky., 423 S.W.2d 255.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, Edwin A. Schroering, Jr., Commonwealth Atty., Louisville, for appellant.

Daniel B. Boone, Louisville, for appellee Fanelli.

S. J. Stallings, Robert P. Hastings, Louisville, for appellee Howard.

EDWARD P. HILL, Judge.

The Commonwealth appeals from an order attempting to probate the appellees after their unsuccessful efforts to have this court reverse their judgment of conviction.

The appellees, R. J. Fanelli and Herbert C. Howard, were convicted on August 12, 1965, of violation of KRS 432.350 (taking bribes) and KRS 61.190 (receiving profit from public funds by public officers). Appellees promptly made motions for probation, which were overruled. Thereafter they prosecuted appeals to this court where their conviction was upheld. See Fanelli v. Commonwealth, Ky., 418 S.W.2d 740.

After the mandate was issued and filed in the trial court, the trial court entered an order providing that the "execution of sentence pronounced herein on the 12th day of August 1965 * * * be and the same is postponed" and defendants "probated." (Note: Apparently included in probation was a $9000 fine against each defendant.)

From the above order of probation, the Commonwealth has appealed urging two grounds for nullifying it: (1) That the trial court had no power or authority under KRS 439.260(3) to probate after final judgment had been entered, and (2) that the order of probation is invalid for having been entered before the trial court had a report from the parole investigator, and for the further reason that Howard did not produce any evidence or recommendation to support probation.

There has been filed a supplemental record indicating the trial court requested an investigation and report of the probation officer and that the probation of Howard was properly recommended by the officer, in the event that it was necessary. So the only question remaining relates to the power or authority of the court to probate after the judgment had become final by the lapse of ten days from the entry of judgment (RCr 12.54) and after appeal to this court and affirmance of the judgment.

By an act of 1936, reenacted in 1956, the Legislature authorized circuit courts to "postpone the entry of a judgment and the imposing of sentence and place the defendant on probation." KRS 439.260(1).

A complication arose where the defendant desired to appeal his conviction. If probated, the entry of judgment was "postponed," resulting in there being no judgment from which he could appeal. In 1962, the Legislature, in an effort to relieve the complication, amended the statute by adding thereto subsections (2) and (3), which we quote:

"(2) A judgment of a circuit court convicting a person for a criminal offense pursuant to a verdict of a jury shall be a final judgment from which an appeal may be prosecuted but the court on motion of the defendant may withhold issuing separately or incorporating in such judgment a directive that the defendant be taken by the chief law enforcement officer of the county to the penitentiary, there to be

confined for the period set forth in the judgment.

"(3) In the event an appeal is prosecuted and the judgment of the court is affirmed, the court may in its discretion, after the issuance of the mandate and its filing with the clerk of the circuit court, order that the execution of the sentence be postponed and that the defendant be placed on probation subject to the provisions provided in KRS 439.250 to 439.-560."

▇▇▇ Under the clear provisions of the amended statute, the circuit court may probate, after an appeal is prosecuted and the judgment is affirmed, *only* if the court, when the judgment was entered, *withheld* "incorporating in such judgment a directive that the defendant be taken by the chief law enforcement officer of the county to the penitentiary, there to be confined for the period set forth in the judgment." In the instant case, in the original judgment of conviction of Howard and Fanelli, such directive was *not withheld* but was incorporated specifically. The circuit court's power to probate comes only from the statute, and not having complied with the directive of the statute the circuit court in the instant case had no power to probate.

▇▇▇ The theory of the statute is that, if directive to take the defendant to the penitentiary is withheld, the entry of judgment has in part been "postponed" so that the trial court constitutionally may exercise the power to probate. See Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. It is doubtful that the Legislature constitutionally could authorize a court to probate after conviction in the absence of a postponement of the judgment. See Huggins v. Caldwell, 223 Ky. 468, 3 S.W.2d 1101; Brabandt v. Commonwealth, 157 Ky. 130, 162 S.W. 786. However, since there was no compliance with the statute in the instant case, we do not reach any question of constitutionality.

The judgment is reversed with directions to set aside the order of probation entered January 18, 1968.

MONTGOMERY, C. J., and MILLI-KEN, OSBORNE, REED and STEIN-FELD, JJ., concur.