**COMMONWEALTH of Kentucky, Appellant,**

v.

**James O. CORNELIUS, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1980.

As Modified Oct. 31, 1980.

Edward L. Schoenbaechler, J. Bruce Miller, Louisville, for appellant.

Joseph Martin, Jr., Louisville, for appellee.

Before GUDGEL, HOGGE and WINTERSHEIMER, JJ.

GUDGEL, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court. We granted discretionary review to determine whether KRS 439.177 is unconstitutional.[1] We hold that it is and reverse.

On December 4, 1978, appellee, James O. Cornelius, pleaded guilty to the misdemeanor offense of possession of dangerous drugs in the Jefferson District Court. He was sentenced to, and commenced service of, a prison term of one year. On January 15, 1979, he filed a motion for shock probation which was overruled. A similar motion was overruled by a different judge on January 16, 1979. On April 11, 1979, he filed a motion to suspend the remainder of his sentence. On the same day the district judge who had sentenced him heard the motion and entered an order directing that he be conditionally discharged for two years.

The Commonwealth appealed to Jefferson Circuit Court from the April 11, 1979 order of conditional discharge. In the appeal the Commonwealth's sole contention was that appellee was paroled under the authority of KRS 439.177, and that this statute, which grants sentencing courts the power of parole, is unconstitutional. The Jefferson Circuit Court held that the statute was constitutional on the basis that it must be presumed to be constitutional. Accordingly, it entered a judgment affirming the April 11, 1979 order. We granted discretionary review.

We are immediately faced with determining whether this Court should address the issue raised by the Commonwealth in light of the settled policy in this jurisdiction against considering constitutional questions if an appeal may be disposed of on other grounds. In the case at bar the appellee did not make a motion for parole under KRS 439.177, and the court did not

[1]. As to whether the Attorney General may seek an adjudication that a statute is unconstitutional, *See Commonwealth ex rel. Hancock v. Paxton*, Ky., 516 S.W.2d 865 (1974).

parole him. Rather, he made a post–sentence motion to suspend his sentence, and the court ordered that he be conditionally discharged, although no statute or rule of court authorizes a sentencing court to conditionally discharge a prisoner already serving a sentence. In short, the court's order was a mere nullity which had no legal efficacy, and the public officials holding appellee in custody should not have honored it and released him. Nor was his release justified in light of the court's power to grant shock probation pursuant to KRS 439.265, because the motion on which his release was based was not made until April 11, 1979, more than four months after he commenced service of his sentence. *See, Commonwealth ex rel. Hancock v. Melton*, Ky., 510 S.W.2d 250 (1974).

■ Thus, we would be entirely justified in reversing the judgment of the circuit court on the ground that the district court did not have jurisdiction to order appellee's release on conditional discharge, thereby avoiding the issue of whether KRS 439.177 is constitutional. However, as pointed out by appellant, KRS 439.177 in one form or another has been on the statute books for many years. Undoubtedly, many district and circuit courts grant parole under it to persons serving sentences almost daily. Therefore, ultimately a case will arise which squarely presents the issue raised in this appeal. For that matter, this case could be the one, for nothing we have said so far would preclude the district court on remand from entering an order granting appellee parole, thereby precipitating another appeal. Accordingly, for reasons of judicial economy, we elect to consider the issue raised in this appeal, especially since resolution of the issue is of great importance to everyone connected with our criminal justice system and the general public. In short, we believe that five years after the enactment of our new judicial article there is a pressing need to determine whether the county judge/executive's statutory authority to grant parole to misdemeanants serving sentences, which was ter-

minated by repeal of KRS 439.175 effective January 2, 1978, was validly delegated to the judges of district and circuit courts.

■ The present KRS 439.177 was enacted in 1978 and became effective June 17 of that year. The statute provides, in substance, that any misdemeanant serving a sentence may petition the sentencing court for parole privileges and that after the sentencing judge studies the record of the petitioner, the judge may, in his or her discretion, order that he be paroled. Appellant contends that the power to grant parole is vested exclusively in the executive branch of our government, and that KRS 439.177, which authorizes judges to exercise such power, violates Sections 27, 28 and 77 of our Constitution and is void. We agree.

It has been settled for many years that the decision as to whether a person serving a sentence of imprisonment should be paroled is an executive function, not a judicial one, and that legislation conferring upon officers of the judiciary the authority to exercise such a function violates Sections 27, 28 and 77 of our Constitution and is void. *Huggins v. Caldwell*, 223 Ky. 468, 3 S.W.2d 1101 (1928); *Brabandt v. Commonwealth*, 157 Ky. 130, 162 S.W. 786 (1914). Here, the statute under consideration, KRS 439.177, vests sentencing judges with the power to grant parole to any misdemeanant serving a sentence of imprisonment. Since the decision as to whether a person serving a sentence of imprisonment should be paroled is an executive function, KRS 439.177, which vests the judiciary with the right to make such a decision is unconstitutional and void. As noted by Chief Justice Palmore in *Peck v. Condor*, Ky., 540 S.W.2d 10 (1976):

> ... [W]hen a person has been convicted of a crime and has begun to serve his sentence the function and authority of the trial court is finished. What then happens to the prisoner is entirely in the bailiwick of the executive branch of government, and is no business of the courts, including the trial court.[2]

---

**2.** This statement is necessarily limited in scope by virtue of the sentencing court's power to grant shock probation and work release. *See* KRS 439.265; KRS 439.179.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

HOGGE, J. concurs.

WINTERSHEIMER, Judge, concurring.

Probation and parole are commonly confused. Parole is an executive function while probation is judicial in nature. The so—called shock probation is directly attributed to the sentencing judge by statute. However, the effect of all such procedures results in the release of a convicted person prior to the completion of the full sentence. The principal concern of any system of early release must be accountability by the releasing authority whether that be judicial or executive. It appears there is a gap in the system as it relates to misdemeanor offenses. If the Legislature chooses to fill that void it should do so and include in the statute requirements relative to the reporting of pending parole hearings to the prosecutors, victims, public, and press. Those who grant early release must be directly and publicly accountable for their actions.