## Phillips v. Commonwealth.

May 21, 1940.

Loraine Mix, Judge.

John H. Geer for appellant.

Hubert Meredith, Attorney General, and **W. Owen Keller,** Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

Appellant has appealed from a judgment of the Jefferson circuit court sentencing him to death for the murder of Ella Williamson, his common-law wife with whom he had lived about nine years, excluding two or three months immediately preceding the homicide. In the motion and grounds for a new trial a number of alleged errors are set out, but in brief of appellant they are all abandoned except one, viz., that the court committed error in failing to instruct the jury on appellant's mental condition.

When the case was called for trial appellant entered a plea of not guilty, but at the close of the evidence for the Commonwealth he voluntarily withdrew that plea and entered a plea of guilty. However, notwithstanding the plea of guilty he took the witness stand and testified in his own behalf. It appears, however, that he testified before the jury in the hope that his evidence might tend to mitigate the penalty.

Appellant testified to two states of fact: One was that when he entered or was attempting to enter the room where he shot deceased she met him at the door with an iron poker and assaulted him with it and he shot her in self-defense. However, the evidence of the Commonwealth's witnesses was overwhelmingly to the con-

trary and it is admitted in brief of appellant that the Commonwealth's evidence was sufficient to sustain the verdict. Hence we need not enter into a detailed discussion of the evidence. Other matters testified to by appellant and upon which the insistence for the instruction dealing with his mental condition is based, are in substance that he became ill, suffering from disorders of the stomach and head. He said an "herb" doctor in Indiana told him that his wife had fed him something. The doctor referred to by appellant was not introduced as a witness and we have no evidence bearing on that point except the bare statement of appellant that the "herb" doctor gave him that information, or rather an opinion of the doctor not based upon any facts so far as the record discloses. If it be conceded that appellant had been fed something, the facts testified to by him were wholly insufficient to show that the deceased was the guilty party. It is not contended for appellant that there is any merit in this evidence. The only contention is that his evidence was so strange and unusual that it was sufficient to show that appellant was of a low-grade mentality and a mental derelict and suffering from the superstition, whether it be true or not, that the deceased had poisoned him. Appellant and deceased were negroes, and the further argument is that appellant being born of a race who a few generations ago came from the jungles of Africa with all the superstition and "voodooism," characteristic of the primitive colored race, uncultured and unlettered, believing in no hereafter and that life is only a survival of the fittest, and once his strange and unusual evidence is taken into consideration, it is apparent that he was a man of low-grade mentality and being overcome by these strange delusions and superstitions, the killing of deceased was not willful, intentional or malicious, but the result of brooding and a mental strain with which he could not cope at the time of the killing. However, once the purpose of appellant's testimony relating to the alleged cruel treatment inflicted on him by deceased is taken into consideration, his story does not appear to be so strange and unusual as counsel represents it. Evidently the purpose of his evidence was to appeal to the sympathy of the jury by impressing on them the cruel and inhuman treatment he had suffered at the hands of the deceased in the hope that it might mitigate the punishment inflicted upon him.

It may be conceded that appellant's mentality or intelligence is below average, but a reading of his testimony does not convince us that he was insane or so destitute of mental capacity as to require an instruction on insanity or otherwise submit to the jury his mental condition as a defense to the offense charged, to which he had plead guilty.

A plea of not guilty includes all defenses, excusable, justifiable or otherwise; while on the other hand a plea of guilty excludes all defenses. However, aside from this legal theory we have considered the evidence and find it insufficient to require an instruction dealing with appellant's mental condition. But notwithstanding the plea of guilty, the court gave to the jury a self-defense instruction and all the usual instructions given in homicide cases except on insanity or otherwise submitting to the jury the question of appellant's mental condition. He had the benefit of his self-defense story, the only defense offered in his evidence.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.

Whole Court sitting, except Judge Rees.