## McGrew v. Commonwealth.

December 17, 1948.

Robert R. Boone and Wheeler B. Boone for appellant.

James Park, A. E. Funk, Attorney General, Walter C. Herdman, Assistant Attorney General, and Richard P. Stoll for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This appeal is prosecuted by appellant, pursuant to the provisions of Sec. 429-1 of the Criminal Code, from a judgment of the Fayette Circuit Court dismissing his petition for a writ of habeas corpus. No proof was taken in the case, a demurrer having been sustained to the petition, after which appellant declined to plead further. The facts in the case are these:

Appellant, a colored man, resides in Chicago, Ill. He was a narcotic addict. He discussed the matter with U. S. narcotic agents in his home city who advised him to obtain treatment at the U. S. Narcotic Hospital at Lexington, Ky., and suggested that he contact the narcotic agents in the latter city. He arrived in Lexington, Ky., on February 12, 1948, and was advised by the narcotic agents at Lexington that the hospital was "full up" and that the only way he could be admitted was to go through a court proceeding and it would then be necessary that the hospital make room for him. He agreed to this although he claims he did not understand the nature of all the papers which he signed, but did not read, but which he now understands was an admission that he was a narcotic addict. He was taken before the police judge of the city of Lexington where he pleaded guilty to the charge of being a narcotic addict and was sentenced to twelve months in the city jail but was placed on probation by the police judge on the condition that he enter the U. S. Narcotic Hospital and remain there

until dismissed as cured by the hospital authorities. After this hearing before the court, he was taken direct to the narcotic hospital and admitted as a patient. He remained there until June 7, 1948, when he attempted to leave without permission of the hospital authorities, whereupon he was taken before the police judge of Lexington for violating the terms of the probation. The probation was revoked and appellant was committed to the city jail for one year subject to credit for the time already spent in the hospital. He alleges that he is now being held in the city jail in violation of his constitutional rights and seeks his release under this writ of habeas corpus.

Appellant urges several grounds for reversal. Only two of these grounds are worthy of serious consideration. One of these is that the trial and conviction in the police court was irregular and defective and, therefore, void because he was not sworn and no testimony was introduced against him. The record shows that upon the oath of one John L. Sellers, that there were reasonable grounds for believing that Lewis J. McGrew had violated the narcotic drug addict law, KRS Sec. 218.250, the police judge of the city issued a warrant for his arrest; that the cause coming on to be heard on February 12, 1948, defendant entered a plea of guilty to the charge of violating Sec. 218.250, KRS, and was thereupon sentenced by the court to one year in the city jail. It is manifest that this was an ordinary case of a conviction on a plea of guilty to the charge set out in the warrant. Such convictions take place every day in all courts of the land having criminal jurisdiction and a conviction under such guilty plea is as legal and as effective as if a formal trial were held and the defendant found guilty. A plea of guilty confesses everything charged in the indictment, or warrant as in the present case. Clift v. Commonwealth, 268 Ky. 573, 105 S. W. 2d 557; Phillips v. Commonwealth, 283 Ky. 141, 140 S. W. 2d 1014. Such trial, conducted in this manner and with a plea of guilty to a misdemeanor, is not a violation of due process of law, as contended by appellant.

The only other contention of appellant which we deem worthy of notice is that to all intents and purposes he occupied the status of a voluntary patient at the narcotic hospital because he voluntarily came to Kentucky

from Chicago and admitted he was an addict at the suggestion of the narcotic agents in order to be eligible for immediate treatment at the hospital. He contends that as such voluntary patient he cannot be kept in the hospital longer than he desires to stay and cites and relies on Ex parte Lloyd, D. C. Ky., 13 F. Supp. 1005. In that case it was pointed out that the narcotic hospital was constructed by the Federal Government primarily for the confinement and treatment of prisoners convicted of offenses against the United States who are addicted to the use of narcotic drugs and that the confinement and treatment of addicts who voluntarily submit themselves to the institution is authorized but is a secondary consideration. Lloyd made application to the Secretary of the Treasury for admission as an addict and entered into a contract to remain in the hospital so long as the hospital officials determined was necessary to effect a cure. Before that time arrived he desired to leave and brought habeas corpus proceedings against the hospital to secure his release. The court held that being a voluntary patient and not having been convicted of any offense against the United States, he should be released from the narcotic hospital despite his contract with the government officials to remain until a cure was effected. The distinction between that case and the case at bar is that Lloyd had not been convicted of being a narcotic addict but had voluntarily entered the hospital for treatment as could be done under the federal statute. On the other hand, appellant had been duly convicted of an offense, not against the Federal Government, but against the State of Kentucky, in that he had violated subsection 3 of KRS sec. 218.250, subsection of which reads as follows:

"Any peace officer who apprehends a person under the influence of a narcotic drug, or who hears a person state that he is addicted to the use of narcotics, shall immediately arrest such person and take him before the proper court to be dealt with according to law."

True his action in coming to Kentucky and stating that he was an addict was voluntary but his plea of guilty to the offense resulted in a conviction for that offense and a sentence of 12 months in the city jail for the offense as provided by subsection 1 of the act above referred to. Probation of that sentence by the judge

who imposed it, on condition that defendant enter the narcotic hospital for treatment and remain there for the period of the sentence, his violation of the terms of that probation and its revocation by the judge who granted it, leaves defendant legally in the city jail under the original sentence. We think this case clearly distinguishable from the Lloyd case.

As we see this case, appellant submitted himself to the jurisdiction of a Kentucky court, confessed to a violation of the Kentucky narcotic drug act for which sentence was imposed as provided by that law. In order that he might be cured of the unfortunate habit to which he had become an addict, he agreed to probation of his sentence on the condition that he enter the hospital to remain until cured. This was all for his own benefit and he should have lived up to it. But he welched on this agreement, violated the terms of his probation and he has no one to blame but himself if he now finds himself in the city jail to serve the remainder of the sentence for the charge to which he pleaded guilty. For his own good he should have remained in the hospital for treatment and we have no doubt that his sentence would again be probated if he will return to the hospital where he would be better off than languishing in a city jail.

Upon consideration of the whole record we are of the opinion that the lower court did not err in denying the writ prayed for. The judgment is therefore affirmed.

Judgment affirmed.