## Andrews v. Commonwealth.

## Farmer v. Commonwealth.

February 21, 1950.

Rehearing denied May 22, 1950.

Chester D. Adams, Judge.

·Daniel N. Brock, Walter L. Brock, Jr. and Grover C. Thompson for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE HELM—Affirming.

Appellants, Gayle Andrews (Cremieux) and Nell Elizabeth Farmer, each filed a petition against the Commonwealth of Kentucky; Ernest Thompson, Jailer of Fayette County, and R. L. Jackson, Justice of the Peace of Fayette County, in the Fayette Circuit Court for a writ of habeas corpus. The defendants filed a general demurrer to each of the petitions. The demurrers were sustained. Appellants declined to plead further and the action of each was dismissed. Each has appealed. Upon motion, the appeals are consolidated and heard together here.

Appellant Gayle Andrews (Cremieux) filed her petition for writ of habeas corpus on January 17, 1950, alleging that on November 15, 1949 she was arrested by a policeman of Lexington on a warrant of arrest issued by R. L. Jackson, Justice of the Peace of Fayette County; she was tried in his court on November 15, 1949, "and convicted upon the charge of being a person who habitually uses narcotic drugs," under KRS 218.250; she was sentenced to serve one year in the Fayette County jail, the sentence being probated on condition that she report to the United States Public Health Hospital (Narcotic Farm), Lexington, Kentucky, and remain in that institution until pronounced cured by the hospital authorities. On January 11, 1950, her probation was revoked by R. L. Jackson, Justice of the Peace. She was committed to the custody of the Jailer of Fayette County for one year from that date.

She alleges that she is unlawfully restrained of her liberty because the judgment is void, and because KRS 218.250 violates the Constitution of the United States and the Constitution of Kentucky. In what she calls an

"amended and substituted petition for writ of habeas corpus," she does not withdraw any of the above allegations but sets out that she is from Chicago, Illinois; says she came to Lexington for the purpose of becoming a patient in the United States Public Health Service Hospital at Lexington; Mr. Grant of the hospital advised her that in order to be admitted as a patient in the hospital "it would be necessary for her to go through certain court procedure;" she signed four or five papers for Mr. Grant; he took her before R. L. Jackson, Justice of the Peace; she was put under arrest; Jackson asked her if she desired counsel and if she was ready for trial; she told him she was ready for trial; after being sworn she stated to Jackson that she was addicted to drugs; he thereupon sentenced her to serve one year in the Fayette County Jail, probating the sentence on condition that she report to the hospital and remain there until pronounced cured by the authorities there; she was taken to the hospital by Mr. Grant; on January 11, 1950 her probation was revoked and she was remanded to jail.

She pleads that she did not understand that she was being convicted as a person who habitually uses narcotic drugs; says she did not plead guilty, and she charges that the proceedings had were "without due process of law and violative of the Fourteenth Amendment of the Constitution of the United States and of the Eleventh and Fourteenth Sections of the Constitution of Kentucky," because the petitioner has never used narcotic drugs in Kentucky, except those administered by the authorities at the hospital; the proceedings under which the petitioner was convicted were highly irregular and the statute under which she was convicted is void.

Likewise, the petition of appellant Nell Elizabeth Farmer was filed on January 17, 1950; an amended and substituted petition on January 20. Except for name and place of residence, her petition and amended and substituted petition are in the same language as those of appellant Gayle Andrews (Cremieux).

Appellants filed a joint brief urging that their detention and imprisonment is in violation of the Constitution of the United States and the Constitution of Kentucky and is void. The statute assailed is KRS 218.250. The constitutionality of this statute was attacked in the recent case of McGrew v. Commonwealth, 308 Ky. 838,

215 S. W. 2d 996, a case from the same court as the present cases. The facts as set out in appellants' petitions are substantially the same as those set out in the McGrew case. We have here amended petitions, but they do not by their provisions withdraw the original petitions or substitute the amended petitions for it. They, in effect, enlarge upon the original petitions.

Here it appears that the proceedings were informal, but that appellants were charged with being drug addicts. They, in order to be admitted to the Narcotic Hospital, admitted they were guilty of this charge, in effect pleading guilty to the charge. They were sentenced to one year in the county jail. They were probated on condition that they would enter the hospital and continue there until they were cured. For some reason, which does not appear, their probation was revoked and they are now confined in the Fayette County jail on their original one-year sentence. In the McGrew case it was held that KRS 218.250 is constitutional. That case is controlling here.

The judgment in each case is affirmed.