Orville NOLAN, Appellant,

v.

Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.

Court of Appeals of Kentucky.

Sept. 20, 1963.

Orville Nolan, pro se.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The grand jury of Harlan County indicted the appellant, Orville Nolan, for housebreaking and three previous convictions of a felony. When the case came on for trial in the Harlan Circuit Court the appellant, being represented by counsel, entered a plea of guilty. Judgment was en-

tered against him and he was sentenced to ten years in the State Reformatory. Thereafter appellant petitioned the Lyon Circuit Court for a writ of habeas corpus. Judgment dismissing the petition for a writ of habeas corpus is the subject of this appeal.

■■ The appellant maintains that the indictment falsely charged a previous conviction of felony and consequently was defective. Since appellant chose to enter a plea of guilty there was no necessity to prove the previous convictions charged in the indictment. Had the indictment been defective, such defect could have been raised on an appeal and is not such an exceptional circumstance as could be resorted to in a habeas corpus proceeding. Rice v. Davis, Ky., 366 S.W.2d 153.

■ The Harlan Circuit Court invoked a penalty which was less than that required by the habitual criminal act. KRS 431.190. The failure to invoke the penalty prescribed by that statute was of benefit to the appellant. In Thomas v. Maggard, Ky., 313 S.W.2d 271, we said that a judgment imposing a sentence less than the minimum authorized by statute is erroneous but not void. We can not conceive that appellant was deprived of any constitutional right by the imposition of a sentence of less duration than that dictated by statute.

■ It appears that the attorney appellant hired to represent him was a son-in-law of the Commonwealth's prosecuting witness. Because of this appellant feels that he was effectively denied assistance of counsel. The mere fact that the attorney whom he chose to represent him was related by marriage to a witness in the case was not sufficient to show that the accused was deprived of a fair trial.

The Harlan Circuit Court had jurisdiction of the appellant and the offense, and the judgment rendered on the plea of guilty was not void. It does not appear that appellant was denied any constitutional right, nor is there any other fatal defect shown which would justify relief under habeas corpus.

The judgment is affirmed.