**COMMONWEALTH of Kentucky, DEPART-MENT OF WELFARE, DIVISION OF CORRECTIONS et al., Appellants,**

v.

**Tommie STEVENS, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., for appellants.

Bruce R. Hamilton, La Grange, for appellee.

WILLIAMS, Judge.

The Oldham Circuit Court sustained appellee's petition for habeas corpus on the ground there was no valid judgment sentencing him to the Kentucky State Reformatory. The Commonwealth has appealed, alleging first that RCr 11.42 has supplanted habeas corpus as the method to obtain post-conviction review, and secondly, that the judgment is not void.

The appellee was indicted in Pulaski Circuit Court and charged with two violations of the local option laws. On the first indictment he entered a plea of not guilty, was tried by a jury, found guilty, and his punishment fixed at two years in the penitentiary. He entered a plea of guilty on the second indictment and in that case was given two years in the penitentiary. To avoid repetition, we shall confine ourselves to the proceedings surrounding the first indictment.

On May 18, 1962, the following order, styled "Verdict and Judgment," was entered in the Pulaski Circuit Court criminal order book:

"This day this cause came on for trial. Came the defendant Tommie Stevens by counsel Hon. H. K. Spear waived arraignment and entered a plea of not guilty to the above charge. The

following jury was empaneled and sworn to try the case:

| | | |
|---|---|---|
| Oscar Whitson | Martha Whiles | William Burton |
| Virgil Howard | Macie Wilson | E. E. McBride |
| Richard Adams | Hury Trimble | Shadrack Blevins |
| Willie McDaniel | Lola Floyd | Opal Spears |

"The Comth's Attorney read the indictment and stated the plea of the defendant to the jury, and the jury after hearing the evidence, and instructions of the Court retired to their jury room to deliberate, and after due deliberation returned into open court the following verdict: 'We the jury find the defendant guilty as charged and fix his punishment at 2 years in the Pen. /s/ Willie McDaniel.'

"It is further ordered that the defendant execute a Peace Bond in amount of $1,000 if said case is appealed.

"The defendant was placed in the custody of the jailer to await the sentencing of the Court."

On the same day a "Judgment of Conviction" was entered which recites as follows:

"The defendant was this day brought into Court, and waiving the three day notice and being informed of the nature of the indictment, on the charge of LP (Local Option) Two Previous Convictions, plea and verdict was asked if he had any legal cause to show why judgment should not now be pronounced against him; and none being shown, it is adjudged that the defendant be taken by the Sheriff of Pulaski County to the Jail of Pulaski County and from there by the Sheriff of said County to the State Penitentiary at LaGrange, and there confined at hard labor for the period of 2 years."

Motion for a new trial was overruled on the same day.

Thereafter, on May 31, 1962, an order was entered sustaining appellee's motion to reconsider his motion for a new trial. On the same date the following order was recorded:

"This matter of the two above indictments came on before the Court; it appearing that in each of the above indictments the defendant received sentence of two (2) years on each, and that both of these convictions are now pending before this court, on the defendant's motion and grounds for a new trial, and on each of these motions the court has taken time. Now by agreement of counsel for the Commonwealth the defendant personally and by counsel and by the consent and approval of the court, it is agreed and so ordered that these motions and grounds for a new trial shall be allowed to pend, unacted upon and that the defendant will take his family, and remove himself and family from the State of Kentucky, for a period of 4 years from this date, and shall the defendant at any time during said period return to the State of Kentucky, his motion and grounds for a new trial in each case shall be overruled and he shall be promptly committed to the Kentucky State Reformatory to serve both of these periods of convictions which shall run consecutively. Likewise if during this period of four (4) years from this date this defendant shall be guilty of a violation in any of the penal laws of this Commonwealth, these two sentences shall likewise be placed into immediate effect, as set forth above herein. If at the end of said four (4) year period this defendant shall have not violated either of the provisions set out above herein, that is by returning to the State of Kentucky or violating any of the penal laws, then his motion and grounds for a new trial in each prosecution shall be sustained and these charges thereupon be dismissed against this defendant. This order was read to the defendant personally and to his counsel and both of them agreed to the contents thereof."

Then, on August 22, 1962, the following order was entered in the order book:

"It appearing that the order postponing sentence in Orders in Indictments #2080 and 2052, wherein judgments of conviction against the defendant Tommie Stevens and ruling on Motion and Grounds for New Trial were postponed pending the Defendant's promise to take his family and leave Kentucky for four years, and keeping said promise, and whereas he has failed and refused to obey said order and leave the State of Kentucky with his family, it is now ordered by the Court that pursuant to order of May 31, 1962, which was concurred in by defendant and his attorney H. K. Spear, it is now ordered by Court that motion and grounds for a new trial be overruled and defendant in person and by aforesaid order having waived an appeal said judgments of conviction are put in full force and effect."

And on that date another "Judgment of Conviction," similar to the May 18 order, was entered.

 The two orders entered on May 18, the day of the trial, set forth the plea, the verdict, adjudication and sentence. The May 31 order was entered during term time and was an attempt to place the appellee on probation. A judge may set aside a judgment of sentence and place a defendant on probation during the term of court when trial was had. Commonwealth v. Kazee, Ky., 252 S.W.2d 20 (1952). The Judge of the Oldham Circuit Court apparently concluded that the orders entered on May 31 were adequate to set aside the sentence and probate appellee. We cannot agree.

The attempted probation, if it can be called that, does not follow the form prescribed by statute. KRS 439.260. But regardless of that, the order delaying action on the motion for a new trial, contingent on removal of appellee from this State, is void. Vickery v. Lady, Ky., 264 S.W.2d 683 (1954). In Bax v. Fletcher, Ky., 261 S.W.2d 662 (1953), we said:

"* * * Obviously, a Judge cannot in law or in fact withhold an action which, so far as the Judge is concerned, has been completely executed. Having formally sentenced the defendant to a term in the penitentiary, the Judge had no power or authority to withhold sentence without setting aside the judgment of sentence. This would constitute an exercise by the Judge of executive clemency, a power not vested in Circuit Judges. * * *"

The orders entered in the Pulaski Circuit Court on May 18, 1962, are now and have always been in full force. The orders entered on May 31, 1962, attempting to delay action taken in the May 18 orders, are now and have always been void. The appellee has been legally convicted and sentenced. It follows that the petition for habeas corpus should have been denied.

Having handled the case in this manner, it is unnecessary to consider the applicability of RCr 11.42.

Judgment reversed.