Orville NOLAN, Petitioner,

v.

Luther THOMAS, Warden, Kentucky State Penitentiary, Respondent.

Civ. A. No. 4779.

United States District Court
W. D. Kentucky,
Louisville.

June 2, 1964.

Orville Nolan, Eddyville, Ky., for petitioner.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for respondent.

SHELBOURNE, District Judge.

By an order of this Court entered May 6, 1964, petitioner, Orville Nolan, was granted leave to proceed in forma pauperis on a petition for writ of habeas corpus which he tendered with his motion to proceed under Section 1915 of Title 28, United States Code. The order directed the Warden of Kentucky State Penitentiary and the Attorney General of the Commonwealth of Kentucky to file written response within thirty days to show cause why the writ should not issue.

May 22, 1964, the Attorney General filed the response of the Warden alleging that petitioner had not exhausted the remedies available to him in the courts of the state as required by Section 2254 of Title 28, United States Code. It was alleged that as a condition precedent to his right to seek a writ of habeas corpus it was incumbent upon petitioner to avail himself of the remedy provided in Rule 11.42 of the Kentucky Rules of Criminal Procedure.

Rule 11.42 provides that a prisoner in custody under sentence who claims a right to be released on the ground that the sentence was imposed in violation of the Constitution or statutes of the Commonwealth or of the United States, or that the court imposing the sentence was without jurisdiction, or that the sentence was in excess of that authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed the sentence to vacate, set aside or correct the same.

Petitioner filed a petition for writ of habeas corpus in the Lyon Circuit Court which was denied and the judgment affirmed on appeal. Nolan v. Thomas, Ky., 370 S.W.2d 825. A second application for writ of habeas corpus filed in the Lyon Circuit Court was also denied and the judgment affirmed on appeal. Nolan v. Thomas, Warden, Ky., 379 S.W.2d 248, decided May 16, 1964.

Petitioner was represented by counsel at his trial in the Harlan Circuit Court where he was convicted upon his plea of guilty to an indictment charging him with commission of a felony and sentenced under the provisions of KRS 431.190.

■ Petitioner has not filed or attempted to file in the Harlan Circuit Court a motion to vacate, set aside or correct the sentence under which he is in custody as provided in Kentucky Criminal Rule 11.42. Recent decisions of the Kentucky Court of Appeals have held that the remedy afforded by Rule 11.42 must be exhausted before jurisdiction to entertain a petition for writ of habeas corpus can be conferred on a state circuit court. Ayers v. Davis, Ky., 377 S.W.2d 154, and the subsequent cases of Jones v. Thomas, Ky., 377 S.W.2d 155; Burton v. Thomas, Ky., 377 S.W.2d 155; Pryor v. Thomas, Ky., 377 S.W.2d 156; Brown v. Thomas, Ky., 377 S.W.2d 156; and Coles v. Thomas, Ky., 377 S.W.2d 157.

■■ The judgments in recent habeas corpus proceedings in this Court are to the effect that this Court has no jurisdiction to entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to a judgment of conviction in a state court unless it is shown that the available procedures in the courts of the state have been exhausted. Robinson v. Thomas, Civil Action No. 4739; Smith v. State of Kentucky, Civil Action No. 4781. The Court is without jurisdiction to entertain petitioner's application in this proceeding. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Hall v. Warden, 4 Cir., 313 F.2d 483 (1963); Thomas v. Cunningham, 4 Cir., 313 F.2d 934 (1963).

Respondent's motion to dismiss is sustained and it is ordered that the petition for writ of habeas corpus be and same hereby is dismissed.