**William Ray JONES, Petitioner-Appellant,**

v.

**David L. DAVIS, Warden, Respondent-Appellee.**

**No. 15826.**

United States Court of Appeals
Sixth Circuit.

Sept. 22, 1964.

Kenneth L. Bailey (Court appointed), Cincinnati, Ohio, for appellant.

George F. Rabe, Frankfort, Ky. (Robert Matthews, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, Ky., on the brief), for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

Petitioner, who is serving a life sentence in the Kentucky State Reformatory under conviction as an habitual criminal, appeals from the order of the District Court denying his application for writ of habeas corpus.

The sole question raised on this appeal arises from the failure of the clerk of the state court in which petitioner was convicted, following the return of the indictment by the grand jury, to give notice to the State Commissioner of Mental Health as required by K.R.S. § 203.340.[1]

Petitioner contends that failure of the clerk to give the required notice deprived him of an opportunity for a psychiatric examination prior to his trial and conviction, and that this failure of notice

---

1. "203.340 [263b–17] Mental examination of habitual criminals.

"(1) When a person who has been twice previously convicted of a felony, is indicted by a grand jury as an habitual criminal, the circuit clerk of the court in which he is indicted shall give notice of the indictment to the Commissioner of Mental Health within seven days after the indictment is returned by the grand jury. The commissioner shall cause such person to be examined by a psychiatrist already in the employ of the department, to determine his mental condition and the existence of any mental disease or defect which would affect his criminal responsibility. This examination shall be made without expense other than the amount to cover necessary travel, as provided by law for any other employe of the state traveling on official business.

"(2) The psychiatrist making the examination shall submit a written report of his findings to the judge of the court

constitutes a denial of a substantial legal right in contravention of the equal protection and due process clauses of the Fourteenth Amendment.

Other grounds relied upon by petitioner in the trial court and not pursued on this appeal were overruled by District Judge Henry L. Brooks in a well-reasoned memorandum opinion, 233 F.Supp. 949.

The recently adopted Kentucky Rules of Criminal Procedure provide petitioner with an adequate post-conviction review to seek a determination of the question presented under K.R.S. 203.340. R.Cr. 11.42 provides in part as follows:

> "A prisoner in custody under sentence who claims a right to be released on the ground that the sentence was imposed in violation of the Constitution or statutes of the Commonwealth or of the United States, or that the court imposing the sentence was without jurisdiction to do so, or that the sentence was in excess of that authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed the sentence to vacate, set aside or correct the same."

This rule affords a post-conviction review comparable to the remedy provided federal prisoners by 28 U.S.C. § 2255. Ayers v. Davis, 377 S.W.2d 154 (Ky.1964). See also Moore v. Commonwealth, 380 S. W.2d 76 (Ky.1964); Etherton v. Commonwealth, 379 S.W.2d 730 (Ky.1964); Nolan v. Thomas, Warden, 230 F.Supp. 114 (W.D.Ky.1964). Cf. McIntosh v. Commonwealth, 368 S.W.2d 331 (Ky. 1963) in which Rule 60.02 of the Kentucky Rules of Civil Procedure was used to raise a similar issue.

The record is clear that petitioner has not filed or attempted to file a motion pursuant to this rule in the court where he was convicted. Since petitioner has available to him a remedy in the state

having jurisdiction, who shall make the report available to the prosecuting attorney and the attorney for the defendant.

"(3) The commissioner may decline to cause such examination to be made if the

courts, the District Court properly denied the writ. Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837; Hampton v. Buchkoe, Warden, 334 F.2d 6 (C. A.6).

The Court expresses appreciation to Mr. Kenneth L. Bailey of the Cincinnati Bar, who presented an excellent brief and oral argument as court-appointed counsel for petitioner.

Affirmed.

number of psychiatrists on duty in the department is insufficient to spare one from his regular official duties, in which event the commissioner shall notify the clerk of the circuit court to that effect within three days."