George WADDLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 11, 1965.

George Waddle, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellant filed a motion under RCr 11.42 in the Pulaski Circuit Court to vacate judgment on a conviction for grand larceny and being an habitual criminal. Hearing was had, the motion was overruled, and this appeal is taken from that ruling.

On June 6, 1963, appellant's case was called for trial in the Pulaski Circuit Court and Fritz Krueger was appointed counsel. After consultation and with advice of counsel, appellant pleaded guilty and the jury returned a verdict of life imprisonment. Appellant filed motion for a new trial, whereupon the court suspended any action on the motion provided appellant should leave the state and not return. Apparently appellant left the state for some time but did return, whereupon the Pulaski Circuit Court overruled the motion for a new trial and entered judgment sentencing him to life imprisonment in the State Penitentiary.

■ At the outset we might say that an order banishing appellant from the state is void, but his conviction and the judgment sentencing him to the penitentiary are valid. Commonwealth, Department of Welfare Division of Corrections v. Stevens, Ky., 378 S.W.2d 799 (1964).

■ Appellant's first contention is that the indictment under which he was convicted was invalid on the ground that it did not specify the nature of the previous convictions or the fact that they were committed one after another. This is a question which, if raised at all, should have been raised on direct appeal. Further, appellant did not make any objection to the indictment, nor did he appeal his conviction. Instead he entered a plea of guilty. We held in Nolan v. Thomas, Ky., 370 S.W.2d 825 (1963), that objection to an indictment charging three previous convictions, one of which it was contended was false, was waived where the defendant originally entered a plea of guilty. Although that was a habeas corpus case, the same would be

true in a proceeding under RCr 11.42. King v. Commonwealth, Ky., 387 S.W.2d 582.

 Appellant contends that he was without counsel on his former trials, and as a consequence they are void convictions and could not be used against him on the charge of being an habitual criminal. The order and judgment entered by the trial court states that the record shows affirmatively the appellant was represented by counsel on the previous convictions. Further, on his trial on the habitual criminal charge, he was admittedly represented by counsel and entered a plea of guilty. By so pleading he confessed the charges made in the indictment. McGrew v. Commonwealth, 308 Ky. 838, 215 S.W.2d 996 (1948) ; Nolan v. Thomas, supra.

The judgment is affirmed.