Roland Franz WEIGAND, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1965.

Rehearing Denied Jan. 28, 1966.

Guy C. Shearer, Louisville, for appellant.

Robert Matthews, Atty. Gen., George Rabe, Charles W. Runyan, Asst. Attys. Gen., Frankfort, for appellee.

STEWART, Judge.

This appeal is from an order of the Jefferson Circuit Court entered on January 27, 1965, revoking the probation of Roland Franz Weigand and committing him to four years' confinement in the Kentucky State Reformatory. The essential facts in this proceeding are not in dispute.

On December 21, 1964, appellant was convicted on a plea of guilty on two counts of uttering worthless checks. See KRS 434.070(1). His punishment was fixed at confinement in the penitentiary for a period of two years on each count, the sentences to run consecutively. On January 4, 1965, the following action was taken:

"It is ordered by the court that the motion heretofore made herein to withhold the rendition of judgment in this case be and the same is sustained on condition that the defendant remain out of the country."

On January 27, 1965, a motion made by the Commonwealth's attorney to set aside the foregoing order was sustained; and it was directed that appellant be placed in jail and be taken from there to the Kentucky State Reformatory to serve out his sentences.

It should be explained that the record reveals appellant is a German national who, at the time of his conviction, was having some trouble with the federal immigration authorities on the question of whether he had illegally entered the United States. While this matter was pending his immigration status had not been determined. It is apparent the trial court sought by its order to impose banishment as the sole basis of probation, as there is no showing that the trial judge would have granted probation for any other reason.

It is contended the substantive effect of imposing a requirement on appellant "to remain out of the country" rendered the order void ab initio. Its revocation for a violation of its condition, appellant argues, is without authority in law.

 The Commonwealth concedes it is beyond the power of a court to inflict banishment as an alternative to imprisonment. See 21 Am.Jur.2d, Criminal Law, sec. 565, p. 534. This precise problem has never arisen in this state. However, an analogous situation is where a conviction is suspended, as a condition of probation, provided a person found guilty will leave the state and not return. Where that person returned to this state in disregard of the condition, it has been held he may nevertheless be taken in custody and sent to the penitentiary to serve his sentence.

This Court has taken the position that, although probation of a sentence may be a benefit conferred upon a convicted criminal for an invalid reason, the order of probation is separable from the conviction itself and the judgment entered thereon. The fact that the probationary order is void does not render the conviction and the judgment void. See Vickery v. Lady, Ky., 264 S.W.2d 683, 684. See also Commonwealth, Department of Welfare v. Stevens, Ky., 378 S.W.2d 799. Cf. Waddle v. Commonwealth, Ky., 391 S.W.2d 687.

The probation itself being a nullity there is nothing left for appellant to do but serve his sentences. Probation was granted upon his own motion with the advice of his counsel. He could have appealed from the original order had he disliked the condition imposed. See KRS 439.260(2), (3). Instead he chose to accept the void probation and, subsequently, to violate it. Appellant had the assistance of adequate counsel who was presumed to have known the limitations of the authority of the trial court. See Brabandt v. Commonwealth, 157 Ky. 130, 162 S.W. 786.

Wherefore, the judgment is affirmed.