Roland Franz Ludwig WEIGAND,
Petitioner-Appellant,

v.

John W. WINGO, Warden, Kentucky
State Penitentiary, Respondent-
Appellee.

No. 17478.

United States Court of Appeals
Sixth Circuit.

July 26, 1967.

William J. Graham, Jr., Court appointed, of Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellant.

George F. Rabe, Asst. Atty. Gen. of Kentucky, Frankfort, Ky., for appellee, Robert Matthews, Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., on the brief.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

This is an appeal from the denial of appellant's fourth petition for a writ of habeas corpus, which was denied on the grounds that appellant had failed to exhaust his State remedies.

Appellant had pled guilty to two counts of uttering worthless checks and was sentenced to two years on each count, the sentences to run consecutively. At the time he committed these offenses he had entered this country as a non-immigrant and overstayed his period of admission. After the offenses had occurred, and before indictment, he was released to the immigration authorities and deported to Germany. In December 1964 he returned to this country and was arrested, arraigned and sentenced on his plea of guilty. On January 4, 1965, appellant again was deported by the immigration authorities. On the same day, the Kentucky court entered an order placing appellant on probation upon condition that he "remain out of the country." Thereafter, when appellant returned to Kentucky, his probation was revoked and he was committed to prison.

Petitioner appealed to the Court of Appeals of Kentucky from the order revoking his probation. In Weigand v. Commonwealth of Kentucky, 397 S.W.2d 780 (Ky.), cert. denied, 384 U.S. 976, 86 S.Ct. 1870, 16 L.Ed.2d 686, the court held that the trial court had no power to inflict banishment as a condition of probation, but that the conviction and judgment were not rendered void by the invalidity of the probation order.

The Kentucky Court of Appeals denied rehearing on January 28, 1966, without writing an opinion for publication.

On this appeal appellant was represented ably by his court-appointed coun-

sel. It is conceded that appellant has never filed any action for post conviction relief under Kentucky Rules of Criminal Procedure, rule 11.42(1), which provides a post conviction remedy in State cases similar to that provided in federal cases under 28 U.S.C. § 2255. Ayers v. Davis, 377 S.W.2d 154 (Ky.). It is urged, however, that appellant exhausted his State remedies by his petition for rehearing in Weigand v. Commonwealth, supra.

■■ We find this contention to be without merit. A petition for rehearing on an appeal from an order revoking probation does not constitute exhaustion of State remedies for post conviction relief. Under Rule 1.350 of the Kentucky Court of Appeals,[1] a petition for rehearing ordinarily is limited to consideration of the issues argued on the appeal and will be granted only when it appears that the Court has overlooked a material fact in the record, or a controlling statute or de-

cision, or has misconceived the issues presented on the appeal or the law applicable thereto.

■ We hold that the district court was correct in refusing to grant a writ of habeas corpus because of the failure of appellant to exhaust the remedies available to him under Kentucky Rules of Criminal Procedure, rule 11.42(1). 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Jones v. Davis, 336 F.2d 594 (C.A. 6).

A number of other questions have been presented by appellant, all of which have been considered by the court and found to be without merit.

The court expresses appreciation to Mr. William J. Graham, Jr., of the Cincinnati Bar, who presented an excellent brief and oral argument as court-appointed counsel for petitioner.

Affirmed.

---

1. "PETITIONS FOR REHEARING, MODIFICATION OR EXTENSION

"1.350 When authorized (a) A party adversely affected by a final decision of this Court, except in original proceedings governed by RCA 1.420 to 1.440, may petition the Court for (1) a rehearing, or (2) a modification or extension of the opinion, or both, and the opposing party may file a response thereto.

"(b) Except in extraordinary cases when justice demands it, a petition for rehearing shall be limited to a consideration of the issues argued on the appeal and will be granted only when it appears that the Court has overlooked a material fact in the record, or a controlling statute or decision, or has misconceived the is-

sues presented on the appeal or the law applicable thereto.

"(c) When it is desired to point out and have corrected any inaccuracies in statements of law or fact contained in an opinion of the Court, or to extend the opinion to cover matters in issue not discussed therein, and the result reached in the opinion is not questioned, a party may request a modification or extension.

"(d) In the event a petition for rehearing is sustained, a party adversely affected by the new opinion may petition for rehearing, modification or extension under the same Rules governing the original petition for rehearing, modification or extension."