Lakinda Sharee **BUTLER**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2008–CA–001484–DG.

Court of Appeals of Kentucky.

Feb. 5, 2010.

John Lindsay Tackett, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Gene A. Dauer, Special Assistant Attorney General, Frankfort, KY, for appellee.

Before STUMBO, THOMPSON, and WINE, Judges.

*OPINION*

THOMPSON, Judge.

Lakinda Sharee Butler appeals the Fayette Circuit Court's order affirming the Fayette District Court's judgment of conviction. For the reasons stated herein, we affirm.

On January 5, 2007, Butler was charged with possession of marijuana and first-degree possession of a controlled substance. On January 29, 2007, Butler entered a guilty plea to possession of marijuana wherein she received a twelve-month sentence, which was probated for two years.

Before sentencing, the trial court inquired as to where Butler lived. Butler replied that she lived in ·Memphis, Tennessee. The trial court then imposed several probation conditions on Butler, including banishing her from Fayette County except to pay fines. After the trial court expressly informed her regarding these conditions, Butler acknowledged that her attorney discussed this with her and that she had agreed to these terms.

Less than a year later, Butler accompanied a friend to a preliminary hearing in Fayette County to demonstrate her support for her friend. She was then arrested for violating her probation and, subsequently, ordered to serve her twelve-month sentence. After unsuccessfully appealing to the Fayette Circuit Court, this Court accepted discretionary review.

Butler contends that the trial court violated her constitutional rights by ban-

ishing her from Fayette County. Citing federal and state case law, she contends that the United States Constitution guarantees its citizens the right to travel freely within the borders of the United States. Thus, she contends that her banishment violated her constitutional right of free travel.

 The judicial granting of probation has long been recognized as a privilege rather than a right. *Brown v. Commonwealth*, 564 S.W.2d 21, 23 (Ky.App. 1977). "One may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation." *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky.App.1986). However, Kentucky courts have no authority to impose banishment on a person as condition of probation as an alternative to imprisonment. *Weigand v. Commonwealth*, 397 S.W.2d 780, 781 (Ky.1966).

 Despite the fact that a convicted criminal may be subjected to an improper condition of probation, the judgment of conviction is separable and, thus, survives the void probation order. *Weigand*, 397 S.W.2d at 781. Under such circumstances, "[t]he probation itself being a nullity there is nothing left for [an] appellant to do but serve [her sentence]." *Id.* To prevent this occurrence, a person must challenge the improper condition at the time it is imposed. *Id.*

In this case, Butler accepted the benefit of an invalid probation order but violated the order and was sent to county jail. Although Butler now contends that her constitutional right to freely travel within the United States was violated by the probation condition, she was required to make this argument at the time the condition was imposed. *Id.* Rather, she accepted the void probation with the benefit of avoiding jail and, subsequently, violated it. Therefore, Butler's service of her twelve-month sentence is not a violation of her constitutional rights.

For the foregoing reasons, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.