RENDERED: DECEMBER 17, 2020
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-0248-DG

COMMONWEALTH OF KENTUCKY                          APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2018-CA-0061
KENTON CIRCUIT COURT NO. 15-CR-01000

KEITH JENNINGS                                      APPELLEE

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>REVERSING</u>**

The Kentucky Court of Appeals vacated and remanded the Kenton Circuit Court's denial of Keith Jennings' motion to modify the terms of his probation to remove a restriction prohibiting him from having any access to the internet during his probationary period. Relying on the recent decision of the United States Supreme Court in *Packingham v. North Carolina,* 137 S.Ct. 1730 (2017), which invalidated—on First Amendment grounds—a statute prohibiting registered sex offenders from accessing certain commercial social media websites, the Court of Appeals concluded the complete ban on internet access under the particular facts was impermissibly vague and overly burdensome on Jennings' free speech rights. We granted the Commonwealth's motion for

discretionary review.  Having reviewed the record and arguments of the parties, we reverse the Court of Appeals due to lack of a timely objection by Jennings.

Jennings was required to register as a sex offender after pleading guilty in 2004 in Jefferson County, Kentucky, to a felony charge of distributing matter portraying a sexual performance by a minor and a misdemeanor charge of attempting to use a minor in a sexual performance.  He was indicted in 2015 by a Kenton County grand jury for failing to comply with sex offender registration requirements.  Jennings entered a guilty plea to a felony count of failing to comply with the Kentucky Sex Offender Registration Act (KSORA) and being a persistent felony offender in the first degree.  His seven-and-a-half-year sentence was probated for a period of five years.  Relevant to this appeal, as conditions of probation, Jennings was to commit no further offenses and have "no access to the internet."  Approximately one month later, the trial court granted Jennings' motion to modify two terms of his probation related to the length of his registration period and contact with minor children.

Less than four months later, Jennings was charged in Jefferson County for failing to comply with KSORA's restrictions on accessing online social media sites.  The Commonwealth's Attorney in Kenton County sought to revoke Jennings' probation based on the new criminal charge as well as his violation of the express probation condition that he not access the internet.  While the revocation proceedings were pending, the United States Supreme Court rendered *Packingham*,[1] leading Jefferson County prosecutors to drop the

_____

[1] In *Doe v. Commonwealth, ex rel. Tilley*, 283 F.Supp.3d 608 (E.D.Ky. 2017), a federal court enjoined the Commonwealth from enforcing then-existing statutory

2

charges pending against Jennings in that county. Following a revocation hearing at which the Commonwealth chose to proceed only on the basis of Jennings having accessed the internet, the trial court declined to revoke Jennings' probation but did find he had violated the terms thereof and that those terms did not violate Jennings' First Amendment rights. The trial court sanctioned Jennings with a penalty of four months' incarceration—representing the time served while he was in jail awaiting the revocation proceedings.

Jennings appealed to the Court of Appeals which vacated and remanded the matter for further proceedings. The Court of Appeals undertook an in-depth analysis of KSORA's provisions related to restrictions on internet use and how they have been amended in the wake of *Packingham* and *Tilley*. The Court concluded the issue relating to restrictions for those defendants who had served their sentences and were no longer under supervision was settled by *Packingham*, but remained an open question for those, like Jennings, who were still under active supervision. Noting a variation among jurisdictions regarding permissibility of internet restrictions for sex offenders who were on active supervision, the Court of Appeals then looked at Jennings' restrictions to determine whether they passed constitutional muster.

---

provisions prohibiting internet usage by registered sex offenders upon concluding they were substantially similar to the statutes held unconstitutional in *Packingham*. In response, the General Assembly made significant changes to the statute during its next session.

After setting forth the appropriate standards, the Court of Appeals concluded the trial court erred in imposing a complete ban on internet access because such a restriction was not narrowly tailored, burdened more First Amendment rights than necessary to further the government's interests, and did not increase public safety. Further, the Court found Jennings' original crime did not appear to involve the internet, nor did his current offense of KSORA noncompliance. Finally, the Court of Appeals stated the restriction banned "access" to the internet rather than "use" but the trial court did not indicate whether Jennings would be permitted to visit any location that had internet-capable devices, which would include private homes, places of employment, public libraries, hotels, and many retail businesses, or whether he could own a device which had the ability to access the internet even if he did not use it for that purpose. As such, the restriction was deemed unconstitutionally vague. While declining to establish a bright-line rule, the Court of Appeals noted complete internet bans may be appropriate in some cases but held Jennings' case did not qualify for such draconian restrictions.

We agree with the Court of Appeals' position that complete bans on internet use may, in certain extraordinary cases, pass constitutional muster. However, limited, focused, and rationally-related restrictions are more typically required. Though once a luxury, the modern internet is a practical necessity for many aspects of life including banking, shopping, education, job searches, obtaining unemployment benefits, keeping abreast of current events, and even finding a telephone number. Because the internet's integration with all aspects of modern society and business has become so pervasive, the United States

4

Supreme Court has characterized the internet as "the modern public square" while acknowledging it is "integral to the fabric of our modern society and culture." *Packingham,* 137 S.Ct. at 1737-38. Thus, trial courts—although vested with broad discretion in whether to grant probation and on what terms—should proceed cautiously and with specificity when choosing to limit access to such a significant resource. Complete bans should be exceedingly rare.

However, in the present appeal, we need not reach the question of whether the complete ban on Jennings' internet access was appropriate because he failed to timely contest the allegedly offending probation restriction. At sentencing, the trial court orally ruled it would include the total internet ban as a condition of Jennings' probation and did so in its formal written sentencing order. Jennings did not appeal the probation order, did not object to inclusion of the restriction prohibiting internet access, and did not otherwise seek to modify that condition although he did challenge other terms of the probationary order. It was not until after he had violated the internet restriction that he raised any challenge.

"In this Commonwealth, 'probation is a privilege rather than a right. One may retain his status as a probationer only as long as the trial court is satisfied that he has not violated the terms or conditions of the probation.'" *Sullivan v. Commonwealth,* 476 S.W.3d 260, 263 (Ky. App. 2015) (quoting *Barker v. Commonwealth,* 379 S.W.3d 116, 122 (Ky. 2012) (internal quotations and citation omitted)). "[A]lthough probation of a sentence may be a benefit conferred upon a convicted criminal for an invalid reason, the order of

5

probation is separable from the conviction itself and the judgment entered thereon. The fact that the probationary order is void does not render the conviction and the judgment void." *Weigand v. Commonwealth*, 397 S.W.2d 780, 781 (Ky. 1965) (citations omitted). A probationer is required to challenge the offending provision at the time it is imposed. *Butler v. Commonwealth*, 304 S.W.3d 78, 80 (Ky. App. 2010) (citing *Weigand,* 397 S.W.2d at 781).

Here, Jennings does not challenge his conviction but merely contends the trial court's total ban on internet access was improper. However, by accepting the probation, Jennings evaded serving a lengthy jail sentence, only to face sanctions when he promptly violated its terms. Jennings' failure to challenge the probation restriction prohibiting all access to the internet at the time it was imposed is fatal to his current request for relief. *Id.* The trial court's imposition of a four-month jail sentence as a sanction for Jennings' intentional violation of his probation restriction did not violate his constitutional rights. The Court of Appeals should not have entertained the untimely challenge, and its decision on the merits was therefore in error.

For the foregoing reasons, the decision of the Court of Appeals is reversed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Daniel J. Cameron
Attorney General of Kentucky

Stephen Chad Meredith
James Coleman Shackleford
Assistant Attorney General

COUNSEL FOR APPELLEE:

Shannon Renee Dupree
Assistant Public Advocate