RENDERED: JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0077-MR

COMMONWEALTH OF KENTUCKY                                    APPELLANT


APPEAL FROM OLDHAM CIRCUIT COURT
v.        HONORABLE CHARLES R. HICKMAN, SPECIAL JUDGE
ACTION NO. 13-CR-00124


RICKY D. ULLMAN, JR.                                        APPELLEE


AND                      NO. 2021-CA-0112-MR


COMMONWEALTH OF KENTUCKY                                    APPELLANT


APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE CHARLES R. HICKMAN, SPECIAL JUDGE
ACTION NO. 13-CR-00124
v.


RICKY D. ULLMAN, JR.                                        APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE: The Commonwealth of Kentucky appeals from the Oldham

Circuit Court's orders vacating the probation revocation, as well as certain

conditions of probation, of Ricky D. Ullman, Jr. We affirm.

The procedural history of these appeals began in September 2013,

when Ullman was indicted in Oldham Circuit Court in Case No. 13-CR-00124 on

seven counts, namely: unlawful transaction with a minor, first degree (Counts I

and II); use of a minor in a sexual performance (Count III); rape, third degree

(Count IV); prohibited use of electronic communication system to procure minor

sex offense (Count V); sexual abuse, first degree (Count VI); and persistent felony

offender (PFO), first degree (Count VII). The victim, a friend of Ullman's

daughter, was fourteen years old at the time of the offenses.

Ullman negotiated a guilty plea agreement whereby Counts IV, V, and

VI were dismissed. Counts I, II, and III were amended to distribution of matter

portraying a sexual performance (Kentucky Revised Statute (KRS) 531.340); and

Count VII was amended to PFO in the second degree. On June 5, 2015, Ullman

was sentenced to a total of twelve years' imprisonment. Per the plea agreement, he

received an alternative sentence of serving one year in the county jail with the

balance of the term of imprisonment probated for five years. Ullman agreed to the following conditions of probation (termed post-incarceration supervision per KRS 532.043): submit to a sexual offender risk assessment; submit to testing for HIV; complete a sexual offender treatment program (SOTP); register as a sex offender; and be subject to a five-year post-incarceration supervision program (referred to as conditional discharge in Ullman's plea agreement). Ullman was represented by counsel throughout the indictment, arraignment, plea agreement, and sentencing process. He was registered as a lifetime registrant on the same date as sentencing.

The Commonwealth moved to revoke Ullman's probation/conditional discharge/post-incarceration supervision on two occasions: (1) on March 28, 2017, for three violations, namely, failure to report, failure to complete the SOTP, and use of opiates and methamphetamines; and (2) on April 4, 2018, for similar violations of conditions. In 2017, Ullman was permitted to remain under his conditions of discharge, but on May 24, 2018, he was ordered to serve the remainder of his twelve-year term of imprisonment. He was represented by counsel at both revocation hearings.

In January 2020, Ullman filed a motion to vacate the revocation order pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 and Kentucky Rule of Civil Procedure (CR) 60.02. He argued that he was sentenced illegally because his convictions under KRS 531.340 were not included in the definition of sex

crimes under KRS 17.500(8) (which mandate participation in the SOTP).[1]  He also argued that counsel was ineffective at the revocation hearing.  Ullman moved for his immediate release from incarceration.

The Commonwealth opposed the motion, arguing that Ullman should have contested his sentence when it was imposed in 2015 and that, because he had agreed to the conditions, they were enforceable against him.  The circuit court disagreed with the Commonwealth, and entered an order on December 21, 2020, pursuant to CR 60.02(f), vacating "the portion of the Judgment and Order on Plea of Guilty . . . that required Ulllman to undergo sexual offender risk assessment, submit to HIV testing, complete a SOTP[], and be subject to a five-year period of postincarceration supervision, as those requirements are not authorized by statute."  Ullman was ordered immediately released and was "returned to probation for a term of five years subject to all his original conditions of probation, except for those conditions which have been determined herein to not be authorized by statute."

The circuit court subsequently denied the Commonwealth's CR 59.05 motion to alter, amend, or vacate the order but granted the CR 52.02 motion for

---

[1]  Ullman had argued that his lifetime registration as a sexual offender was illegal, but later moved to dismiss this allegation, conceding that, because the victim was a minor, this requirement was not illegally imposed.

more specific findings regarding case law precedents relied upon for its December 2020 order.  The Commonwealth appeals, making similar arguments to this Court.

We begin by stating our standard of review, namely:

> Whether to grant relief pursuant to CR 60.02 is a matter left to the "sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse." *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996) (quoting *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959)).  We also review a trial court's denial of RCr 11.42 relief for an abuse of discretion.  *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (internal citations omitted)).  However, also presented to this Court are several issues of law including questions of constitutionality and statutory interpretation.  On these issues, we review conclusions of law de novo.  *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007).

*Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018).

The Commonwealth first argues that Ullman's failure to challenge his conditions of postincarceration probation precluded him from later objecting to same.  In support of this argument, the Commonwealth cites *Commonwealth v. Jennings*, 613 S.W.3d 14, 17 (Ky. 2020) (citing *Butler v. Commonwealth*, 304 S.W.3d 78, 80 (Ky. App. 2010), and *Weigand v. Commonwealth*, 397 S.W.2d 780,

781 (Ky. 1965)), for the proposition that "[a] probationer is required to challenge the offending provision at the time it is imposed."

We do not agree with the Commonwealth's argument and instead quote the following in support of our decision:

> We hold today that a sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void. This holding is narrow: **only a sentence that is illegal and was illegal at the time it was imposed would fall within this holding. It is because these sentences are void and unlawful that CR 60.02 provides the proper remedy for relief**.

*Phon*, 545 S.W.3d at 304 (emphasis added). The circuit court did not abuse its discretion in granting Ullman relief under CR 60.02. *Phon*, 545 S.W.3d at 290.

The Commonwealth next argues that Ullman's probation conditions were not part of his sentence and did not render his conviction void. But the conviction itself was not voided, only those conditions which were not permissible by statute. As in *Phon*, this is a narrow holding, and we affirm the circuit court's ruling in this regard. *Id.*

We lastly consider the Commonwealth's argument that it should be given the opportunity to renegotiate the 2015 guilty plea agreement because it relied to its detriment on Ullman's acceptance of the conditions. The record does not support this argument: There is every indication that the Commonwealth based its plea agreement on the victim partially recanting her version of the events which

led to Ullman's indictment, not just Ullman's willingness to accept conditions that were not statutorily authorized. The conviction itself is not void, only the order of revocation based upon violation of the illegally imposed conditions. *Id.* at 309.

Likewise, because we are affirming the circuit court's order granting relief under CR 60.02, we decline Ullman's request to remand this matter to the circuit court for a ruling on that portion of his motion devoted to RCr 11.42 claims of ineffective counsel at the probation revocation hearing.

The December 2020 and January 2021 orders of the Oldham Circuit Court are affirmed.

THOMPSON, K., JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

J. Vincent Aprile II
Louisville, Kentucky